thority or jurisdiction over the defendant, or the proceedings against him, beyond the issuing of such warrant, was contrary to the statute in such case made and provided, and above cited. Hence it may be clearly seen that the conviction, sentence, and imprisonment of the relator were contrary to sections 180 and 182 of the above-cited statute, and were without authority of law.

After carefully reading such cases as have been cited by counsel upon the argument of this matter, and especially the case of People v. Howland, reported in 17 App. Div. 165, 45 N. Y. Supp. 347, and recently affirmed by the court of appeals (155 N. Y. 270, 49 N. E. 775), where it is held that, while the legislature has not the authority to abolish the office of justice of the peace in towns by direct legislation, still it holds that the legislature has authority to limit or alter the jurisdiction of such officer or abolish the town organization altogether. Gertum v. Board, 109 N. Y. 170, 16 N. E. 328. The decision of the court in the above case arises from an entirely different condition of facts, and the propositions presented to the court in that case are not involved in this. That decision does not in any manner question or impugn the constitutionality of chapter 414 of the Laws of 1897 as to the authority conferred upon a police justice acting within the corporate limits of the village in which he is elected, and limiting the jurisdiction and authority of justices of the peace in towns where like municipal corporations exist. With these views, I am clearly of the opinion that a justice of the peace within the town of Malone has no authority to hear, try, or determine a charge for a criminal offense committed in the village of Malone, when there is a police justice present in said village, having the ability to act as such.

The writ should be sustained, and the prisoner discharged. It is so ordered. Ordered accordingly.

(29 App. Div. 623.)

## DAVIS v. FERRIS.

(Supreme Court, Appellate Division, Second Department. April 19, 1898.)

1. NEGLIGENCE—DANGEROUS PREMISES—LUMBER YARDS.
    Where a pile of lumber in a lumber yard fell over because of the insecure nailing of slats to its side to support it, the proprietor of the lumber yard was negligent as to a prospective purchaser of lumber who was injured by the fall.

2. SAME—TRESPASSERS—PROSPECTIVE PURCHASERS.
    The wife of a prospective purchaser of lumber, while in the lumber yard, at his instance, to ascertain the fitness of a board selected by him for her use, was injured by the falling of a pile of lumber through the proprietor's negligence. *Held,* that she was properly in the yard, and hence might recover.

Appeal from trial term.

Action by Mary P. Davis against Elmore Ferris to recover damages for personal injuries. From a judgment in favor of plaintiff, defendant appealed. Affirmed.

The following is the opinion of the court below (BARNARD, J.):

The defendant is a dealer in lumber. The plaintiff went with her husband on the day in question to Pawling, where defendant's yard is located. Her

husband needed a small quantity of lumber, and, among other pieces, he wished an ironing board for his wife, the plaintiff herein. He went to defendant's yard to purchase the lumber. Some difficulty was encountered in finding a board wide enough for the ironing board. When one was selected, it was placed, with the other lumber selected by plaintiff, on a pile of lumber under a shed. The plaintiff's husband told the defendant's agent he would get his wife, who was at the store near by, to look at the board, and have her judgment on its width. As has been stated, the lumber was all in one place, and between the pile on which the lumber selected, together with the ironing board, was placed, there was a vacant space or alleyway, three feet, about, in width, and then another pile of lumber, some six feet high. This pile was secured by an upright slat nailed at the bottom and the top to prevent the pile from falling down. There were two of these slats so secured. When the husband returned with the plaintiff, she objected to the width of the ironing board, and her husband went to get a rule to measure it; and almost immediately after he left the plaintiff, who was standing in the open space some five or six feet from the outside of the shed, the pile of lumber so fastened gave way, without being touched by the plaintiff. The lumber covered her, and inflicted several injuries,—one quite serious. The slats were insecurely nailed. The defendant was guilty of negligence in respect thereto. The defendant did not use reasonable prudence and care to keep the property in such a condition that those who go there should not be unreasonably and unnecessarily exposed to danger. The lumber bought by the husband was put there for her, in part, to see, and for her husband to take away. The plaintiff was guilty of no negligence. She was properly at the yard, and at a place where she was invited to go, and suddenly was overthrown by the falling lumber. Among her injuries was one to the knee-joint. The accident was in April, 1896, and the plaintiff has been almost helpless since. She is lame, and is recovering very slowly. The evidence shows that she will recover in a year or two. The recovery from injuries to the kneejoint cannot always be reckoned on, but I believe in two years from this time her recovery will be complete. The plaintiff has suffered pain and apprehension, and has tried to effect a cure by the advice of very eminent physicians. I think the damages she is fairly entitled to are eight hundred dollars. I direct judgment to be entered in favor of the plaintiff against the defendant, in accordance herewith, for the sum of eight hundred dollars damages, with costs, which are hereby awarded to the plaintiff, together with an additional allowance of five per cent.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and WOODWARD, JJ.

William Downing (Wm. H. Wood and Wm. R. Lee, of counsel), for appellant.

Counsel for defendant contended that plaintiff did not go in under the shed on the invitation of defendant, either express or implied, and that it was not necessary for her to go there to examine the board, for the reason that it projected from two to three feet beyond the pile of lumber on which it was laid. He also contended that there was no evidence tending to show what caused the lumber to fall.

J. Morschauser (Allison Butts, of counsel), for respondent.

PER CURIAM. Judgment and order unanimously affirmed, with costs, on the opinion of BARNARD, J., at trial term.