# Jones v. Pennsylvania Coal and Coke Corporation, Appellant.

*Negligence — Master and servant — Vice principal — Unusual emergency—Invitee—Physician—Dangerous condition of premises —Case for jury.*

1. The emergency of an accident or an unusual condition which requires prompt action may invest the representative of a company

highest in authority who is then present with power to do such things as are reasonable to meet the emergency.

2. The chief engineer of a mining company, who finds an employee in a dying condition as the result of an accident, is invested with authority by the emergency to summon a physician to attend such employee.

3. Such physician, having been invited upon the premises, does not as a matter of law exceed his invitation in using a telephone to call for aid for the injured man, and if while using the telephone such physician is injured in consequence of defects therein, the company may be held liable therefor.

4. In such case it is not material that the company had no knowledge or notice that the premises were in a dangerous condition, no time to repair them, and did not know that plaintiff contemplated going on the premises, the negligence alleged and shown being the defective construction of electric lines and the failure to provide safeguards to prevent a broken uninsulated power wire falling upon the telephone wire.

5. The case was for the jury in an action of trespass by a doctor against a mining company to recover damages for personal injuries, where it appeared that the defendant operated high power tension wires and telephone wires on the same poles, with no provision to prevent the telephone wires from coming in contact with the high tension wires, which were not insulated, and with other customary safeguards not provided; that, as a result of an electrical storm, the power wire broke and fell upon the telephone wire, and defendant's engineer discovering another employee lying dead or unconscious in a building, sent a messenger to summon a doctor, who responded to the call and being unable to determine whether the stricken man was dead or alive, used the telephone to summon aid and was seriously injured by the electric current.

Argued Sept. 25, 1916. Appeal, No. 18, Oct. T., 1916, by defendant, from judgment of C. P. Cambria Co., Sept. T., 1913, No. 848, on verdict for plaintiff, in case of Charles B. Jones v. Pennsylvania Coal and Coke Corporation. Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before STEPHENS, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $15,000 and judgment thereon. Defendant appealed.

*Errors assigned* were answers to points, the refusal of the court to direct a verdict for defendant and to enter judgment for defendant n. o. v.

*P. J. Little,* for appellant.—The plaintiff went upon defendant's premises in the course of his professional duties without any invitation from the owner, express or implied; he was a mere licensee and took all the risks of injury on the premises: Barnes v. Ward, 9 C. B. 392 (67 C. L. R. 392); Hardcastle v. South Yorkshire Ry. & River Dun Co., 4 Hurlst. & Norm. 67; Binks v. South Yorkshire Ry. & River Dun Co., 32 Law Journ. (N. S.) Q. B. 26; Bolch v. Smith, 7 Hurlst. & Norm. 736; Scott v. London Docks Co., 11 Law Times (N. S.) 383; Matthews v. Bonsee, et al., 16 Atl. Repr. 195; Beehlers v. Daniels, et al., 29 Atl. Repr. 6; Woodruff v. Bowen, 34 N. E. Repr. 1113; Gibson v. Leonard, 143 Ill. 182; Woodruff v. Bowen, 136 Ind. 431; Omaha Thomson-Houston Elect. Light Co. v. Anderson, 73 Neb. 84; Racine v. Morris, 136 N. Y. App. Div. 467; Greenville v. Pitts, 102 Texas 1; Sterger v. Vansiclen, 30 N. E. Repr. 987; Oyshterbank v. Gardner, et al., 49 N. Y. Super. 263; Lary v. Cleveland, Columbus, Cin. & Indianapolis R. R. Co., 78 Ind. 323; Pittsburgh, Ft. Wayne & Chicago Ry. Co., et al., v. Bingham, Admrx., 29 Ohio 364; Lackat v. Lutz, 22 S. W. Repr. 218; Huffman v. Musgrove, et ux., 16 W. N. C. 270; Weaver v. Carnegie Steel Co., 223 Pa. 238; Gillis v. Penna. R. R. Co., 59 Pa. 129; Benson v. Baltimore Traction Co., 26 Atl. Repr. 973; Gramlich v. Wurst, et al., 86 Pa. 74; Edmundson v. Monongahela Light & Power Co., 223 Pa. 93; Drake v. Fenton, 237 Pa. 8.

Even if plaintiff were an invitee he exceeded his invitation by attempting to use the telephone, and cannot recover for the ensuing shock: Walker v. Winstanley,

29 N. E. Repr. 518; Pierce v. Whitcombe, 48 Vt. 127; Ryerson v. Bathgate, et al., 51 Atl. Repr. 708; Benson v. Balto. Traction Co., 26 Atl. Repr. 973; Philips v. Library Co. of Burlington, 27 Atl. Repr. 478; Land v. Fitzgerald, 52 Atl. Repr. 229.

Defendant had no knowledge either express or implied that the premises were in a dangerous condition and no time to repair them, therefore, there can be no recovery: Clough v. Hoffman, 132 Pa. 626; Engel v. Smith et al., 46 N. W. Repr. 21; Pelton v. Schmidt, et al., 62 N. W. Repr. 552; Louisville & Nashville R. R. Co. v. Popp, 27 S. W. Repr. 992; Lepnick v. Gaddis, 72 Miss. 200; Fitzgerald v. Edison Electric Illuminating Co., 200 Pa. 540; Cavanaugh v. Allegheny County Light Co., 226 Pa. 86; Kahn v. Kittanning Electric Light Co., 238 Pa. 70; Smith v. West End Electric Light Co., 198 Pa. 19; Lanning v. Pittsburgh Rys. Co., 229 Pa. 575; DeVelin v. Swanson et al., 72 Atl. Repr. 388; Schnatterer v. Bamberger et al., 79 Atl. Repr. 324; Walsh v. Pittsburgh Rys. Co., 221 Pa. 463; Thompson v. B. & O. R. R. Co., 218 Pa. 444; Drake v. Fenton, 237 Pa. 8.

*E. T. McNeelis* and *William Davis,* for appellee.— The authority of the engineer to employ such assistance as the emergency required will be implied: Mayton v. Texas & P. R. R. Co., 63 Texas 77; Short v. Del. & Hudson Co., 41 Pa. Superior Ct. 141; Bank of Penna. v. Read, 1 W. & S. 101; Quinn v. Shamokin & Mt. Carmel Elect. Ry. Co., 7 Pa. Superior Ct. 19; Heinrick v. Pitts. Rys. Co., 36 Pa. Superior Ct. 612; Bonnette v. St. Louis, Iron Mt. & Southern Ry. Co., 112 S. W. Repr. 220.

The plaintiff did not exceed his invitation in using the telephone: Donohue v. Western Union Tel. Co., 57 Pa. Superior Ct. 251; Kitchen v. Riter-Conley Mfg. Co., 207 Pa. 558; East End Oil Co. v. Penna. Torpedo Co., 190 Pa. 350; Stearns v. Ontario Spinning Co., 184 Pa. 519.

The plaintiff having been invited upon the premises, the company owed him a duty to keep the premises in a

safe and suitable condition for his use and to protect him from unusual danger. The defendant should have used every known device to prevent the contact of the wires and its failure so to do, resulting in injury, is actionable negligence: Tissue v. B. & O. R. R. Co., 112 Pa. 91; Bier v. Standard Mfg. Co., 130 Pa. 446; McGuigan v. Beatty, 186 Pa. 329; Finnerty v. Burnham, 205 Pa. 305; Lininger v. Westinghouse Air Brake Co., 210 Pa. 62; Delahunt v. United Telephone & Telegraph Co., 215 Pa. 241; Kitchen v. Riter-Conley Mfg. Co., 207 Pa. 558.

OPINION BY MR. JUSTICE MESTREZAT, January 8, 1917:

This is an action to recover damages for personal injuries caused, as alleged by plaintiff, by the negligence of the defendant corporation.

It is agreed that practically all the facts are undisputed. At the date of the accident in 1913, the defendant was, and for four years prior thereto had been, in possession of and operating, under a lease, a mine shaft, known as Shaft No. 4, in Cambria County, an electric power plant, situated at Ehrenfeld, supplying electric power to the mine, and also a private telephone line connecting various points on the company's property. The defendant also operated a subpower-station about three-quarters of a mile from shaft No. 4. The high power tension wires and telephone wires were carried on the same poles—the former above the latter—and the line was about two miles in length and was on a private right of way. The voltage of the high-tension wires was five thousand six hundred volts. There was no provision made to prevent the telephone wires coming in contact with the high-tension wires which were not insulated, and there were no circuit breakers on the line between the substation and the shaft. The ground wires on the poles were, with few exceptions, not grounded so as to carry off surplus electricity; nor was any provision made, in connection with the telephone in the boiler house at shaft No. 4, for protection against surplus cur-

rent coming over the telephone wires. According to the testimony of the expert electricians, the customary protection of the telephone line was not furnished.

The telephone was in a metal box which was on the wall of the boiler house at shaft No. 4, and in using the instrument it was necessary to stand upon an iron plate, no rubber mat or other insulation being supplied.

On the morning of May 15, 1913, there was a severe electrical storm, and lightning struck the power wire between the substation and shaft No. 4, breaking the wire and causing it to fall upon the telephone wire. John Carroll was the defendant's engineer at the substation at that time. He testified that his machine stopped and the telephone bell rang; that he received an electric shock in trying to answer the telephone, being knocked down just after he had heard a voice over the 'phone exclaim "oh"; that after he recovered he went to the boiler house and found Paul Acken, the company's engineer, lying dead or unconscious on the floor; that, failing to arouse him, he, a few minutes thereafter, saw Acken's son coming along the road and called to him. Carroll testified he told young Acken his father was dead, that he said nothing about a doctor except that a doctor would be of no use as his father was dead. Young Acken, however, testified that Carroll told him that his father was lying at the boiler house dead or unconscious and that he should "go after a doctor and get the bosses there." This testimony was corroborated by other witnesses, and the jury found that Carroll did tell the boy to get a doctor. Young Acken went to the office of Dr. Jones (the plaintiff) and told him that Carroll had sent him for a doctor, and he then went to Ehrenfeld and notified the employees at defendant's plant. The plaintiff testified that he responded immediately to the call and went to the shaft. He found no one in the boiler house except Paul Acken who was lying unconscious or dead on the floor not far from the telephone box. He examined Acken, but, being unable to determine cer-

tainly whether he was alive, the doctor turned to the telephone to summon aid, and as he picked up the receiver he was seriously injured by an electric current.

The plaintiff alleges that the defendant company was negligent in the construction, maintenance and operation of the high-tension power line and telephone line which resulted in his injuries. The verdict and judgment were for the plaintiff and defendant has appealed.

The defendant denies the right of the plaintiff to recover for the following reasons: (a) the plaintiff was a mere licensee on the premises; (b) if an invitee, the plaintiff exceeded his invitation by attempting to use the telephone; and (c) defendant had no knowledge, either express or implied, that the premises were in a dangerous condition, had no time to repair, and did not know that Dr. Jones contemplated going on the premises.

We think the judgment in favor of the plaintiff in the court below should be sustained. The only disputed fact, material to the issue, was whether Carroll instructed young Acken to summon a physician, and it was found for the plaintiff. The verdict, under the instructions given the jury, also conclusively establishes that the defendant was negligent, as alleged in the statement, and that the plaintiff was free from fault. The evidence justified the finding that telephone service with the boiler house was cut off at the time of the accident, and that Carroll was the only employee of the defendant near the boiler house at that time. We think, under the undisputed facts, that Dr. Jones entered upon the defendant's premises as an invitee and not as a licensee, as contended by the defendant. Carroll was the engineer at the substation, a short distance from the boiler house. After lightning had struck the high-tension wire, he attempted to use the telephone wire which was highly charged by contact with the power wire and received a severe shock. As soon as he recovered from the shock, he went to the boiler house where he discovered Acken's body lying on the floor near the telephone box. He recognized the

necessity for immediate medical assistance, possibly from the effects of a like shock received by himself. His experience told him that it would be dangerous to use the telephone in attempting to communicate with the officers of the defendant company or in calling medical assistance for Acken. He then did the only thing he could do, sent a messenger to summon a physician. Can it be doubted that had the president or any other high official of the defendant company, under the circumstances and with Carroll's knowledge of what had occurred, entered the power house and found the body of the company's engineer, as Carroll did, he would not have summoned a physician? We will answer the question in the language of Judge Cooley in Marquette & Ontonagon R. R. Co. v. Taft, 28 Mich. 289: "We shall not stop to prove that there is a strong moral obligation resting upon anyone engaged in a dangerous business, to do what may be immediately necessary to save life or prevent an injury becoming irreparable, when an accident happens to a person in his employ. We shall assume this to be too obvious to require argument." As already pointed out, Carroll could not communicate with the officers of the company and was the only representative of the defendant on the premises or near the boiler house when the emergency arose requiring immediate medical assistance for Acken. The emergency had to be met at once, and the dictates of humanity and duty compelled Carroll to procure medical aid in attempting to save Acken's life. The emergency and immediate necessity for prompt action to meet it, by summoning the physician, was authority for Carroll to act in the absence of the officers of the company and his inability to communicate with them. The emergency of an accident, or an unusual condition which requires prompt action, may invest the representative of the company, highest in authority, who is then present, with power to do such things as are reasonable to meet the emergency: Short v. Delaware & Hudson Co., 41 Pa. Superior Ct. 141, 144.

Holding, as we do, that Dr. Jones was an invitee on the premises at the time he was injured, it follows that it was the defendant's duty to keep the premises in a safe condition that he might not be injured while he was there professionally in response to the invitation.

We do not determine, as it is not involved in the case, that Carroll had implied authority to bind the defendant for professional services rendered by the plaintiff to the injured employee, but simply that he had the authority to invite the plaintiff upon the premises for the purpose of rendering aid to the employee, and that the plaintiff went upon the premises by express invitation and not as a licensee.

We are not favorably impressed with the argument that Dr. Jones exceeded his invitation by attempting to use the telephone. It certainly could not be so declared as a matter of law. He did not know, and there was nothing to warn him, that it was dangerous to use the instrument. The doctor needed assistance and, no messenger being present and the telephone being within reach, he did what anyone, under like circumstances, would have done. He did not leave the spot where the body lay to make use of the telephone, and was, therefore, clearly within the space to which the invitation referred. The telephone was one of the means he attempted to use to carry out the purpose of the invitation.

There is no merit in the defendant's contention that there can be no recovery because it had no knowledge or notice that the premises were in a dangerous condition and no time to repair, and did not know that plaintiff contemplated going on the premises. The negligence complained of in the statement and shown by the evidence was the defective construction of the power and telephone lines and the failure to provide safeguards to prevent a broken uninsulated power wire falling upon the telephone wire. It is, therefore, immaterial whether the defendant knew of the fall of the wire or had time to replace it.

The judgment is affirmed.