No. 23,040.

THE ST. PAUL FIRE & MARINE INSURANCE COMPANY, *Appellee*, v. WALKER D. HINES, as Director-general of Railroads, and THE UNION PACIFIC RAILROAD COMPANY, *Appellants*, and PARK HETZEL, *Appellee*.

### SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Fire from Engine—Property Destroyed—Contributory Negligence—Facts for Jury.* The general rule is that the defense of contributory negligence presents an issue of fact for a jury and that it is their province to note the special circumstances and surroundings of each particular case and then say whether the conduct of the parties was such as would be expected of reasonable, prudent men under a similar state of affairs.

2. SAME—*Question of Contributory Negligence Not One of Law but of Fact.* An open truck with an enclosed cab, the sides being made of slats from four to six inches apart, loaded with household goods wrapped with furniture pads made of cotton, stopped at a railway crossing for a train to pass. The persons in charge of the truck saw and heard sparks and cinders from the engine fall upon the truck in a shower like rain or hail and thought of the possibility of fire arising therefrom, but after the train passed, drove against a strong wind for a quarter of a mile or more, when the contents of the truck were discovered to be on fire. By merely stepping out of the enclosed cab and making an examination before proceeding they could have discovered that the fire had started in the goods. *Held,* that the question of contributory negligence was not one of law, but of fact, for the reason that it does not appear that reasonable men, acting as the triers of fact, would find, without any reasonable probability of difference in their views, that the persons in charge of the truck knew and appreciated the danger, or that ordinarily prudent men, under the same circumstances, would have acquired such knowledge and appreciation.

3. CONTRIBUTORY NEGLIGENCE—*Instruction Not Misleading.* An instruction respecting contributory negligence considered with other instructions and held not misleading.

4. ACTION AGAINST DIRECTOR-GENERAL OF RAILROADS—*Damages by Fire—Attorney Fees Not Recoverable—Question of Federal Law.* In an action against the director-general to recover damages for a loss occasioned by fire in the operation of a railroad under his control, attorney fees are not recoverable, as the question whether a provision of a state statute allowing recovery over and above the actual compensation "shall be deemed compensation or a penalty presents a question not of state, but of federal law." (*Missouri Pac. R. Co. v. Ault,* [U. S.] 41 Sup. Ct. 593, 597.)

5. *Misjoinder of Defendants—Corrected on Appeal.* Where such an action has been prosecuted to final judgment against the director-general and the railroad company, the fact that the railroad company has been improperly joined may on appeal be corrected by an order directing its dismissal from the action.

Appeal from Douglas district court; CHARLES A. SMART, judge. Opinion filed December 10, 1921. Modified and affirmed as to the director-general; dismissed as to the railroad company.

*R. W. Blair, T. M. Lillard,* and *O. B. Eidson,* all of Topeka, for the appellants.

*C. A. Matson, I. H. Stearns,* both of Wichita, and *M. A. Gorrill,* of Lawrence, for the appellees.

The opinion of the court was delivered by

PORTER, J.: A fire caused by sparks escaping from an engine on the Union Pacific railroad destroyed a moving van or truck belonging to Park Hetzel. The insurance company paid him $1,400, which was the amount of loss covered by a policy held by him, and under the subrogation clause of the policy, brought this action against the director-general of railroads and the railroad company to recover the amount paid. Hetzel, being joined as a defendant and asked to set up any claim he might have, filed a cross-petition claiming damages to the amount of $105.50 for property burned but not covered by insurance.

The answers consisted of a general denial and the defense of contributory negligence of the driver of the truck in failing to keep a proper lookout and to discover that the truck was on fire, and the failure to use ordinary care in attempting to extinguish the fire before the loss occurred. The director-general and the railroad company appeal from a judgment in favor of the insurance company and in favor of Hetzel on his cross-petition.

The truck or van was loaded with household goods which were being moved from Lawrence to Perry. It was an open truck with an enclosed cab, the sides being made of slats from four to six inches apart. The household goods were wrapped with furniture pads made of cotton in the form of a bedquilt, and the goods were covered on top with an oiled tarpaulin. The accident occurred about 11 o'clock on a cold day in February, when there was a strong wind blowing from the west. Hans Anderson, an employee of Hetzel, was driving, and with him in the cab was Wyman, a helper. They had reached the station at Midland and stopped on the east side of the track for a train to pass. Both Anderson and Wyman testified that while they were waiting a rain of sparks and cinders came down on the truck that sounded like hail. Anderson testified that he knew that sparks sometimes escaped from engines and thought of the possibility of fire at the time, but notwithstanding this he continued his journey without opening the door and stepping out to investigate, and that if he had done this he could have discovered whether the goods had caught fire. He thought at the time that there were a lot of sparks and cinders dropping on the truck. After the train passed he drove across the track. The wind was blowing strong from the northwest. When they had gone about a quarter

of a mile or more he smelled fire, and stopped.   He and Wyman jumped out of the cab as quickly as they could, but the flames were leaping around the cab door so that their hair was scorched.   The whole truck was a solid blaze.   They found that there was nothing that could be done and the fire was permitted to burn itself out.

The court instructed that under the statute, proof of the fact that the fire was caused by the operation of the railroad made a *prima facie* case of negligence against the director-general and the railroad company; that if they found that the railroad company and Mr. Hines were guilty of negligence then they were liable for the injury unless the men in charge of the truck were guilty of contributory negligence; and that the men operating the truck were required to use reasonable and ordinary care, which means just that care and caution that a man of reasonable prudence would have exercised in the same situation.

The contention is that the persons in charge of the truck were guilty of contributory negligence as a matter of law, and that this appears from the undisputed facts.   It is argued that the undisputed evidence shows they knew that the sides of the truck were open, and that the contents of the truck were highly inflammable, and, having heard the sparks and cinders falling like rain upon the truck, and knowing that with the strong wind blowing there was likelihood of fire starting from the sparks, and knowing that their view of the contents of the truck was entirely blocked by a piano immediately behind their seat, the failure to stop and get out and make an examination before the fire could gain headway can be construed as nothing less than contributory negligence.   The contention was raised by a demurrer to the evidence, by requested instructions and by a motion for judgment.   It is true there is no dispute about the facts.   But it was, in our opinion, a question for the jury to determine whether the failure of these men to get out of the cab and examine the contents of the truck to see whether fire had started was a failure to use the reasonable care and prudence that ordinary persons would have used.   The defendants rely upon *Walker v. Railway Co.*, 76 Kan. 32, 90 Pac. 772, an action for fire damages against a railroad company.   In the course of the opinion it was said in substance that a person cannot invite an increased peril or needlessly or recklessly put his property in a position of known danger and at the same time be free from fault, and the court referred to the rule that after a fire has been started an owner should

use reasonable diligence and effort to protect his property from destruction. The language, of course, had reference to a situation where the owner knows that fire has been started. Here the negligence, if any, was the failure to take affirmative steps to discover whether fire had started in the truck by the rain of sparks and cinders. There can be no question that a careful, prudent person in charge of property situated as this was, having the thought in mind that the sparks and cinders might set fire to the goods, would have gotten out to examine whether fire had started. But the care and caution required to be exercised was not that of a careful, prudent person, but merely the care that a man of ordinary prudence would have used in the same situation.

In discussing what is proper exercise of care it is said:

"In the last analysis it will be found that knowledge of the peril is the basic element of duty, from which it may be concluded that the care which must be exercised in any particular case is proportioned to the actor's knowledge, actual or imputed, of the danger flowing from the act performed. . . . Where a danger actually is foreseen, the duty is imposed to adopt every possible precaution to avoid an injury therefrom." (20 R. C. L. 25, 26, citing *Mastin v. Levagood*, 47 Kan. 36, 27 Pac. 122.)

But it is said:

"The policy of the law has relegated the determination of such questions to the jury, under proper instructions from the court. It is their province to note the special circumstances and surroundings of each particular case, and then say whether the conduct of the parties in that case was such as would be expected of reasonable, prudent men, under a similar state of affairs.

. . . . . . . . . . . . . . .

"Contributory negligence, it has been said by the courts, is 'the neglect of the duty imposed upon all men to observe ordinary care.' . . . The true foundation of liability is knowledge—or what is deemed in law to be the same thing; opportunity by the exercise of reasonable diligence to acquire knowledge—of the peril which subsequently results in injury. . . . Or, as it generally is expressed, a plaintiff will not be held to have been guilty of contributory negligence if it appears that he had no knowledge of the danger, and conversely he will be deemed to have been guilty if it is shown that he knew of the peril and might have avoided it by the exercise of ordinary care.

. . . . . . . . . . . . . .

"It is said that when the defense of contributory negligence is urged as ground for a nonsuit 'it must appear that reasonable men, acting as the triers of the fact, would find, without any reasonable probability of difference in their views, either that the plaintiff knew and appreciated the danger, or that ordinarily prudent men under the same circumstances would readily acquire such knowledge and appreciation.'" (20 R. C. L. 26, 106, 107, 108, citing numerous authorities.)

Again it is said:

"When, however, the specific evidence submitted only goes to the extent of establishing knowledge of the defect, the question of his contributory negligence should not be withdrawn from the jury. Indeed, it can only be in rare cases if ever that the question becomes one of law. In other words, it is for the jury to determine whether knowledge of the physical characteristics of the offending instrumentality constituted a sufficient warning of peril to the plaintiff." (20 R. C. L. 111.)

In the present case there might arise in the minds of reasonable persons a difference of opinion as to what an ordinarily prudent person would have done under the circumstances, and so the question became one for the jury and not for the court. The court's instructions in respect to contributory negligence stated the law correctly. Negligence, contributory negligence, and proximate cause are for the jury unless the proof thereof is so clear that different minds cannot reasonably draw different conclusions. (*Gas Co. v. Dabney,* 79 Kan. 820, 102 Pac. 488.)

There is a complaint that one instruction respecting contributory negligence is open to the objection that the jury were not given to understand that negligence of the persons in charge of the truck would bar the insurance company from recovering the amount it had paid Hetzel, for the reason that Hetzel himself was asking damages in the same case, and the instruction charged that "their negligence would have been chargeable to Mr. Hetzel, they being his agents and servants." It is insisted that nothing in the instruction having been said as to the effect of their negligence upon the right of the insurance company to recover, an instruction requested should have been given which concluded as follows: "then there can be no recovery in this case for such damages as might have resulted from such failure to so detect and discover the fire." From the instructions, taken as a whole, we think the jury could not fail to understand just how the insurance company came to have the right to maintain an action at all. The court told the jury:

"Now that means simply this, gentlemen, that this policy provided that if Mr. Hetzel's truck was burned through the fault of anybody other than Mr. Hetzel, and the company had to pay the loss, the company would step into Mr. Hetzel's shoes and have a right to recover from the wrongdoer, the party that occasioned the loss. That's just what that means; and they claim they paid Mr. Hetzel $1,400, and that Mr. Hetzel assigned his claim to the insurance company."

The jury returned verdicts in favor of the plaintiff for $1,400

damages and $300 attorney's fee, and in favor of Hetzel for $105.50 damages and $35 attorney's fee. It is insisted that attorney fees in fire cases are penalties and are not recoverable against the director-general of railroads because general order No. 50 of the director-general, issued October 28, 1918 (authorizing actions to be brought against him for death or for injury to persons or for loss or damage to property arising since December 31, 1917, growing out of the possession, use or operation of any railroad by the director-general, and not otherwise), contained a proviso that the order shall not apply to actions, suits or proceedings for the recovery of fines, penalties and forfeitures. The attorney's fee allowed by our statute has been construed in a number of cases as not strictly either a fine, penalty or a forfeiture. Since the submission of this case, however, defendant has called our attention to a decision by the supreme court of the United States, handed down June 1, holding that in a proceeding against the director-general, attorney fees are not recoverable and that the question whether a provision of a state statute allowing recovery over and above the actual compensation "shall be deemed compensation or a penalty presents a question not of state, but of federal law." (*Missouri Pac. R. Co. v. Ault*, [U. S.] 41 Sup. Ct. 593, 597.) The statute of Arkansas involved in that case provides that where a railroad company discharges an employee with or without cause it shall pay him his full wages within seven days thereafter, and that if payment is not duly made 'then as a penalty for such nonpayment the wages of such servant or employee shall continue from the date of discharge or refusal to further employ, at the same rate until paid.' (p. 594.) The supreme court of Arkansas affirmed a judgment in favor of the employee which included an amount over and above the wages due and unpaid with interest. Although it is described in the Arkansas statute as a penalty, the supreme court of that state held that it was not technically a penalty. As we have seen the federal supreme court holds that whether it is to be deemed compensation or a penalty presents a question strictly of federal law. The decision is controlling here, and it is unnecessary to refer to our own cases holding that recovery of an attorney's fee in such actions is not strictly a penalty, and the judgment will be modified by deducting the amount allowed as attorney fees.

Another ground of defense was raised in the answer and is still insisted upon. It is claimed that it was error to join the railroad

company as a defendant; that the sole cause of action, if any, was against the director-general. The contention is sound, and the only judgment which the court had authority to enter was against the director-general. There is no occasion, however, for reversing the case because the railroad company was improperly joined as a defendant. The district court is directed to enter an order dismissing the railroad company from the action.

The judgment, as modified, is affirmed.