## LONEY v. LARAMIE AUTO CO.*
(No. 1320; April 26, 1927; 255 P. 350.)

NEGLIGENCE—GARAGE KEEPER'S LIABILITY TO "INVITEE"—EVIDENCE —CONTRIBUTORY. NEGLIGENCE—TIRE EXPLOSION FROM IMPROPERLY ADJUSTED LOCK RIM—TRIAL—PROVINCE OF JURY.

1. Garage proprietor *held* to have duty to exercise reasonable care to keep premises in condition to protect customer's agent from danger, where such agent was left to pay repair bill and take car away, since he was "invitee."

2. Garage keeper's duty to protect invitee is necessarily co-extensive with invitation, but invitation need not be express and, unless it is in some manner limited, character and purpose of visit must necessarily control its extent.

3. Court knows, from common experience, that men having automobile fixed in garage commonly, or at least frequently, drive it out themselves, instead of having garageman or his employees do so for them.

4. Garage customer's agent, left at garage to pay bill for tire repair and take car away, was invitee, and invitation included right to go into garage to place where car stood and examine tire and to be protected from dangerous condition there created or permitted by garage keeper.

5. One familiar with automobiles, who was struck in face when tire blew off rim after being repaired in garage, *held* not guilty of contributory negligence, as matter of law, in placing face close to tire to get closer view after discovering that lock rim was not properly adjusted.

6. Though invitee in garage is bound by what he knew or might have known by exercising ordinary care regarding tire improperly placed on wheel of automobile, defect and danger of improperly adjusted lock rim must be such that knowledge would cause ordinarily prudent person to appreciate risk to bar recovery for contributory negligence in inspecting it.

7. . Garage keeper is not bound to warn invitee of peril and risk, which is open and obvious and is or should have been appreciated by man of ordinary prudence.

8. Issue of negligence or contributory negligence is ordinarily for jury, even where testimony is undisputed, if different minds may fairly arrive at different conclusions.

*See Headnotes: (1) 29 Cyc. p. 453 n. 86. (2) 29 Cyc. p. 452 n. 81, 82. (3, 4) 23 CJ p. 59 n. 22; 29 Cyc. p. 458 n. 34. (5) 29 Cyc. p. 640 n. 13. (6,7) 29 Cyc. p. 474 n. 45; p. 513 n. 92, 93; p. 514 n. 98. (8) 29 Cyc. p. 631 n. 53; p. 632 n. 55.

ERROR to District Court, Albany County; WILLIAM A. RINER, Judge.

Action by W. C. Loney against the Laramie Auto Company. Judgment for defendant, and plaintiff brings error.

*Herbert M. Baker*, and *F. E. Anderson*, for plaintiff in error.

The Court erred in directing a verdict for defendant; the rule, attempted to be invoked by defendant, is stated in 29 Cyc. 442, that no duty exists towards trespassers except that of refraining from wantonly or willfully injuring them; but the rule is not universally adopted; Birge v. Gardner, 19 Conn. 507; Norris v. Litchvield, 35 N. H. 271; Kerwhaker v. Ry. Co., 3 Ohio St. 172. Where it is shown that the owner or occupant could have prevented the injury by ordinary care, plaintiff may recover; 20 R. C. L. 59; Express Co.v. Williamson, 66 Fla. 286; Jewison v. Dieudonne, (Minn.) 149 N. W. 20. The case at bar differs from the above cases in that the injury was

not inflicted through any defect in defendant's premises or by reason of plaintiff being near work carried on by defendant or his servants; the injury was caused by the explosion of an auto tire that had been repaired by defendant's servant; plaintiff was hurt by a dangerous instrumentality set in motion through defendant's negligence; Mining Co. v. Robertson, 22 Colo. 491; Means v. Ry. Co., 144 Cal. 473; 1 Ann. Cas. 206; Fitzpatrick v. Penfield, (Pa.) 109 A. 653; Herrick v. Wixon, (Mich.) 80 N. W. 117; Lowe v. City, (Utah.) 57 Am. St. Rep. 708. Oil Co. v. Ginn, (Okla.) 212 P. 314; Iron Co. v. Bush, (Ala.) 86 So. 541. Plaintiff was an invitee; 29 Cyc. 451; 20 R. C. L. 69; Glaser v. Rothschild, (Mo.) 120 S. W. 129; Pauckner v. Wakem, 231 Ill. 276; 14 L. R. A. N. S. 1119-1122; Kinsey v. Locomobile Co., (Pa.) 83 A. 262. Plaintiff was lawfully in the garage of defendant upon an errand connected with defendant's business, and was an invitee; he was not guilty of contributory negligence; 20 R. C. L. 166; Emery v. Ry. Co., (N. C.) 15 L. R. A. 332; McCracken v. Smathers, (N. C.) 26 S. E. 157. If the evidence tended to prove negligence on the part of defendant, as the proximate cause of injury, the question should be submitted to the jury; Ry. Co. v. Cook, 18 Wyo. 43. If plaintiff was a technical trespasser, he is entitled to recover; but plaintiff was an invitee; there is no justification for directing a verdict on the ground that plaintiff was negligent, as the evidence shows that the plaintiff was not negligent.

*Corthell, McCollough* and *Corthell,* for defendant in error.

Plaintiff's injury was the result of his own negligence; Ry. Co. v. Cook, 18 Wyo. 43; 29 Cyc. 513, 515. Plaintiff placed himself in a dangerous position and failed to exercise reasonable care; De Honey v. Harding, 300 Fed. 696; Sherris v. Ry. Co., (Mont.) 175 P. 269; Bonanomi v. Purcell, (Mo.) 230 S. W. 120. The circumstances attend-

ing the injury, as shown by plaintiff's evidence, shows a presumption that he was not exercising due care; he failed to make out a case for the jury; George v. Ry. Co., (Mont.) 196 P. 869; Holland v. Co., (Mont.) 234 P. 284; 29 Cyc. 507-511. Where the facts are undisputed, negligence is a question of law for the court; Ry. Co. v. Brown, (Kan.) 84 P. 1026; Klinker v. Co., (W. Va.) 27 S. E. 237; Wardlaw v. Ry. Co., (Calif.) 42 P. 1075. Evidence, positive and not disputed, should be taken as an established fact; Kahn v. Co., 4 Wyo. 419. It was the duty of the court to peremptorily instruct for defendant; Boswell v. Bank, 16 Wyo. 161; Lawrence v. Ry. Co., (Utah) 174 P. 817; Buboltz v. Ry. Co., (S. D.) 199 N. W. 782; Testo v. Ry. Co., (Ida.) 203 P. 1065. Allied cases are those of passengers alighting from moving trains; Hewes v. Ry. Co., 217 Ill. 500; standing on railroad track without looking for trains; Dunworth v. Ry. Co., 133 Fed. 307; crossing car track without looking; O'Callaghan v. Ry. Co., (Mass.) 144 N. E. 74; stepping out from behind street car without looking for cars on another track; Doyle v. Ry. Co., (Mass.) 142 N. E. 693; crossing the street diagonally in front of an automobile; Maddox v. Gray, (Wash.) 222 P. 470; climbing over the couplings of a standing train; Studer v. Ry. Co., (Cal.) 53 P. 942; and numerous situations showing contributory negligence; a plaintiff cannot hide his own fault behind a cloak of ignorance, inadvertence or a pretense that he has used due care; Ry. Co. v. Skinner, (Va.) 89 S. E. 887; Brommer v. Ry. Co., 179 Fed. 577; Parramore v. Ry. Co., 5 Fed., 2d, 912. Defendant showed plaintiff no active duty; no breach of legal duty was shown; 38 Cyc. 418; Hines v. Sweeney, 28 Wyo. 57; Gillespie v. Co., 22 Wyo. 331; Winterbottom v. Wright, 10 M. & W. 109; Losee v. Clute, 51 N. Y. 494; Bank v. Ward, 100 U. S. 195; Safe Co. v. Ward, 46 N. J. L. 19; Earl v. Lubbock, 1 K. B. 253. There is no pretence that plaintiff stood in the relation of an invitee, unless he became such by calling for the car after the

repair was made; the evidence did not place him in the status of an invitee; on the contrary, it placed him in the attitude of a licensee and, as such, the only duty defendant owed him was not to wilfully or wantonly injure him; Murphy v. Huntley, (Mass.) 146 N. E. 710; Fleckenstein v. Co., 102 A. 700; Watson v. Ry. Co., (Colo.) 92 P. 17; 20 Cyc. 449; 2 Shearman and Redfield on Negligence, 584.

*Herbert M. Baker,* and *F. E. Anderson,* in reply.

Questions of contributory negligence are exclusively within the province of the jury; Ry. Co. v. Berry, (Ind.) 35 N. E. 565. The rule in the Cook case is correct as applied to the facts of that case; if reasonable men would differ, as to the effect of undisputed evidence, it should be submitted to the jury; Ry. Co. v. Brown, (Kan.) 34 P. 1026; Rainse v. Ry. Co., (W. Va.) 19 S. E. 571; Klinker v. Iron Co., 27 S. E. 237; Wardlaw v. Ry. Co., 42 P. 1075. There was no contributory negligence on the part of plaintiff, for the reason that defects or dangers were not apparent; defendant bore a contractural relation to plaintiff, and violated a duty which it owed to plaintiff; this constituted actionable negligence; Hinds v. Sweeney, 28 Wyo. 57; 48 L. R. A. N. S. 213; Necker v. Harvey, 14 N. W. 503; 29 Cyc. 425; Tomlinson v. Co., 75 N. J. L. 748; 19 L. R. A. N. S. 923, and note. The correct rule as to the liability to an invitee is stated in Mc Caffrey v. Mossberg Mfg. Co., 23 R. I. 381, 50 A. 651. Plaintiff was an invitee; defendant's establishment was one where the public was invited to transact business with the owner; plaintiff went to get his car, believing the tire to have been properly repaired, and was there on an errand connected with business in which he stood in a contractural relation with defendant; Construction Co. v. Crawford, 87 N. W. 223.

Before BLUME, Chief Justice, POTTER, Justice, and KIM-BALL, Justice.

BLUME, Chief Justice.

The case appears to involve a rather unusual accident. Five persons, including the plaintiff and Mr. Baker, were on their way from Greeley to the Platte Valley on a fishing trip. They were traveling in two cars, one driven by the plaintiff and the other by Mr. Baker. On their way they stopped at Laramie to replenish their supplies and get lunch. It was discovered that Mr. Baker's car had a flat tire and he drove the car into the defendant's garage at Laramie to have the tire repaired. There is sufficient evidence in the record before us to make it a question of fact whether the defendant undertook the repair of the tire. Mr. Leake, a young man, was assigned to do so. It developed that the tire was rusted on, was difficult to get off, and it took some time before that was accomplished. Some or all of the parties above mentioned assisted in this work. After the tire was taken off, Mr. Baker, the owner of the car, went to lunch and left plaintiff at the garage for the purpose of paying whatever charges there might be for the repair of the car, and to take the car out of the garage to a place agreed upon. When Mr. Leake had fixed the tire, and put it back onto the wheel, the plaintiff noticed that the flap had not been put in and called Leake's attention to that fact, who thereupon took the tire off again, put the flap in and again put on the tire. When that was done, plaintiff noticed that the ends of the lock-rim were about two inches apart and apparently were reversed, out of place and insecurely fastened. He called to Leake that the rim had not been put on right, looked down to "get a closer view of what was wrong" and, while doing so, the tire blew off, driving the lock-rim against his face and severely injuring his eye, as a result of which he subsequently lost it. Upon the close of plaintiff's testimony, and before the defend-

ant had put any witnesses upon the stand, the court, upon motion directed a verdict in favor of the defendant, upon the grounds, first: "That the defendant owed no duty to the plaintiff, except the duty not to wantonly or willfully inflict an injury upon him, inasmuch as he was at best a mere licensee and did not stand in any contractural relation;" second, "that the plaintiff himself was guilty of contributory negligence, in that he knowingly subjected himself to the risk and danger from which the accident resulted." From the judgment entered upon the directed verdict, the plaintiff has appealed. The parties will be named herein as in the court below. The only points argued herein are whether the court was right in directing a verdict upon the grounds above mentioned, and we shall accordingly discuss these points in the order in which they have been stated above.

1. Counsel for the defendant argue that plaintiff had no contractural relations with the defendant, and that the latter, accordingly, was not liable to the plaintiff for putting on the lock-rim aforesaid in a careless manner. They rely upon such cases as Winterbottom v. Wright, 10 M. & W. 109; Earl v. Lubbock, L. R. 1905, 1 K. B. 253; Marvin Safe Company v. Ward, 46 N. J. L. 19; Le Lievre v. Gould, L. R. 1893, 1 Q. B. 491; National Savings Bank v. Ward, 100 U. S. 195, 25 L. Ed. 621, and similar cases which hold the rule mentioned that where negligence arises solely out of a contract, the negligent party is not responsible to anyone with whom he stands in no contractural relation, because he owes him no duty. There are a number of exceptions to this rule, as pointed out, for instance, in Huset v. Thrashing Machine Co., (C. C. A.) 120 Fed. 865, 61 L. R. A. 303. These exceptions have been considerably broadened, at least by some of the courts, since the decision in the case of Winterbottom v. Wright, supra. Thus it is held in Mac Pherson v. Buick Motor Co., 217 N. Y. 382, 111 N. E. 1050, L. R. A. 1916 F. 696,

Ann. Cas. 1916 C, 440, and Johnson v. Cadillac Motor Car Co., 261 Fed. 878, that an automobile with a defective wheel is a dangerous instrument, and that a seller of such automobile is liable to a third party sustaining an injury by reason of the defect in the wheel, notwithstanding the fact that the seller has no contractural relations with such party. We shall not, however, pause to consider whether or not the automobile repaired by the defendant in this case should be considered a dangerous instrumentality in the sense just mentioned, so as to bring this case within the rule of the cases last cited, for the case at bar appears to be governed by facts and by a rule of law not at all involved in the cases relied on by counsel for defendant. The accident in this case happened—so far as the evidence now before us shows—in a public garage, and the defendant, the keeper thereof, owed to the plaintiff, if an invitee —a point we shall consider later— the duty to exercise reasonable care to keep his premises in condition to protect the plaintiff from danger while thereon. Shearman & Redfield, on Negligence (6th ed), sec. 706; 29 Cyc. 453. The distinction between the rule of liability arising out of contractural relations and that arising out of the duty of protection to an invitee is pointed out in the case of Coughtry v. Globe Woolen Co., 56 N. Y. 124; 15 Am. Rep. 387; see also Necker v. Harvey, 49 Mich. 517, 14 N. W. 503. And in the case of Goodman v. Baerlocher, 88 Wis. 299, 60 N. W. 418, 43 Am. St. Rep. 893, liability of defendant was predicated upon the fact that plaintiff was an invitee as well as upon the fact that he furnished the plaintiff an instrumentality on which to walk which was inherently dangerous.

In 19 English Ruling Cases, page 60, the rule relating to the duty resting upon the owner or occupier of premises who invites another to come thereon, is stated as follows:

"A person who invites another to come on his premises upon a business in which both are concerned, is bound to take care that his premises, and all appliances provided by the owner as incident to the use of his premises, are safe for that other person to come upon and use them as required, or else to give due warning of any danger to be avoided. But where the stranger comes as a guest or as a bare licensee, the owner of the premises is only bound to warn him of anything in the nature of a trap upon the premises."

One of the leading cases on the duty toward an invitee is Indermaur v. Dames, 1 Court of Common Pleas, L. R. 274, 287, where it is said, among other things:

"And with respect to such visitor at least, we consider it settled law that he, using reasonable care on his part for his own safety, is entitled to expect that the occupier shall on his part use reasonable care to prevent damage from unusual danger, which he knows or ought to know; and that where there is evidence of neglect, the question whether such reasonable care has been taken, by notice,. lighting, guarding, or otherwise, and whether there was contributory negligence in the sufferer, must be determined by a jury as matter of fact."

In section 968, Thompson's Commentary on the Law of Negligence, it is said:

"On the contrary, the owner or occupier of real property, is under the duty of exercising reasonable or ordinary care and prudence to the end of keeping his premises safe for the benefit of those who come upon them by his invitation, express or implied, and if, through a neglect of this duty, they are, without negligence or fault of their own, injured by reason of any negligent defect therein, he must pay damages. * * * He must not expose them to hidden dangers of which they are not aware, but of which he is or may be, by the exercise of reasonable care, aware, especially if the danger is in the nature of a trap."

The rule has been applied to keepers of a garage in Graham v. Ochsner, 193 Iowa 1196, 188 N. W. 838; Kinsey v. Locomobile Co., 235 Pa. 95, 83 Atl. 682; Warner v. Lucey, 207 App. Div. 241, 201 N. Y. S. 658, and under varying conditions, as shown in the extensive note in 33 A. L. R. 181 to 231. The duty here mentioned does not depend upon the fact of a contract between the keeper of the premises and the person injured, but upon the fact that the person injured is a customer or stands in the relation of a customer to the keeper of the premises, and who has come upon the premises in pursuance of an invitation, express or implied, given by the keeper of the premises with a view to business which concerns himself. Indermaur v. Dames, supra; Coughrey v. Globe Woolen Co., supra.

Defendant contends that plaintiff in this case was not an invitee, but was, at best, a mere licensee, who was required to take the premises as he found them, and to whom the only duty that was owing was not to inflict any wanton or willful injury, as stated in 20 R. C. L. 59. We cannot agree with this contention. The testimony shows that the plaintiff helped to take off the tire from the wheel and no objection was offered to his presence in the garage at that time or later; that he was further left in the garage by the owner of the car as his agent, for the purpose of paying the repair bill and to take the car out of the garage to a place agreed upon. The plaintiff was the representative of Mr. Baker. In section 978, Thompson's Commentary on Negligence, it is said:

"The owner or occupier of premises manifestly owes to the employes of his customer, coming upon his premises to do business for their employer, the same duty that he would owe to their employer himself."

See also section 979. In Indermaur v. Dames, supra, it was said that there is no sound distinction between the

case of a servant and the case of his employer.  In the case of Watters-Pierce Oil Co. v. Snell, 47 Tex. Civ. App. 413, 119, 106 S. W. 170, the court said:

"Appellee was the servant of a customer of appellant, was lawfully on its premises for the purpose of procuring the products it sold, and it owed him the legal duty to exercise at least ordinary care to protect him from injury while there."

The same principle is recognized in New York Lubricating Oil Co. v. Pusey, (C. C. A.) 211 Fed. 622; Ridenour v. Harvester Co., (Mo. App.) 205 S. W. 881; Kinsey v. Locomobile Co., supra; Pauckner v. Wakem, 231 Ill. 276, 83 N. E. 202, 14 L. R. A. (N. S.) 1119.  In Howlett v. Trust Co., (Mass.) 152 N. E. 895, a child accompanying its mother to a bank was held to be an invitee; in Davis v. Ferris, 29 App. Div. 623, 53 N. Y. S. 571, a wife accompanying her husband, who went to a lumber yard to pick out some lumber for an ironing board for her, was held to be an invitee; and in Warner v. Lucey, supra, the court held that a person going with the owner of an automobile into a public garage to get the owner's machine, is in the position of a patron, lawfully upon the premises upon the implied invitation of the garage keeper. We see no sound distinction between an employee and some other agent of a customer, such as the plaintiff in this case.  And it would seem clear that under the foregoing authorities, the plaintiff in this case must be held to be an invitee, rather than a mere licensee.

The liability of the keeper of premises, and the right of protection of an invitee, may, of course, be a limited one, and cannot go beyond the invitation.  There are numerous cases to that effect, many of them holding that an invitee goes beyond the scope of and violates the invitation when he goes into some part of the premises where he is not invited and where the purposes of his visit do not warrant him to go.  See for example, Gavin v. O'Con-

nor, 99 N. J. Law 162, 1 N. J. Misc. Rep. 66, 122 Atl.
842; 30 A. L. R. 1383, and see 20 R. C. L. 67-69; 29 Cyc
452. The duty to protect an invitee is necessarily co-
extensive with the invitation, though no further. The
invitation need not be express; it may be implied. And
unless it is in some manner limited, the character and pur-
pose of the visit must necessarily control. See Davis
Bakery v. Dizer, 139 Va. 628, 638; 124 S. E. 411, Pauck-
ner v. Wakem, supra; Jones v. Coal and Coke Corp., 255
Pa. 339, 99 Atl. 1008; Foster Lumber Co. v. Rodgers,
(Tex. Civ. App.) 184 S. W. 761; Smith v. Cotton Mill Co.,
29 Ga. App. 461, 116 S. E. 17. Nor would it seem un-
reasonable to hold that the owner of the premises should
anticipate what is usually and customarily done by an
invitee within the scope of, and to carry out the purpose
of, the invitation. See Ford v. Dickinson, 280 Mo. 206,
217 S. W. 294; True v. Meredith Creamery, 72 N. H. 154,
55 Atl. 893.

Can these principles of law, which seem to be sound,
be applied in the case at bar? We think they can,
although we find no precedent in the books one way or
the other so far as the particular facts are concerned.
There is no testimony in the record that the invitation
was limited except by the character and the purpose of
the business in which defendant was engaged and for
which Mr. Baker and the plaintiff were in the garage.
It can hardly be said that the plaintiff had merely the
right to be in the business office of defendant, as con-
tended by counsel for defendant. He and those who were
with him were permitted to be at the place where the
automobile stood, when the tire was taken off, and no
objection was made to the later presence of plaintiff in
the garage, and we know from common experience that
men having their automobile fixed in a garage commonly,
or at least frequently, drive it out themselves instead of
having the garage-man or his employees do so for them.
The purpose and scope of the invitation to plaintiff, as

Baker's agent, was to get the automobile when the tire. was fixed. That, in the absence of evidence to the contrary, or at least from the testimony in the record before us, would, we think, include the right of plaintiff to go into the garage and to the place where the automobile stood for the purpose of getting it, and he, accordingly, had the right, if he himself was in the exercise of reasonable care, to be protected from any dangerous condition at that place, created or permitted by defendant, whether that dangerous condition arose from Baker's or somebody else's automobile or from any other appliance on, or condition in, the floor of the garage. The examination of the tire on Baker's car by the plaintiff would seem to be merely incidental to getting the car, not at all an unusual thing to do, but in accordance with the ordinary practice of men, and a matter that might well be anticipated by the defendant, and which should not, accordingly, at least in the absence of evidence showing a contrary practice, be held, as a matter of law, to be beyond the scope of the invitation and outside of the purpose thereof. We think, accordingly, that the court, in view of the testimony in the case, erred in directing a verdict for defendant upon the ground here considered.

2. We come then to consider the question whether or not the plaintiff was guilty of contributory negligence as a matter of law, so as to justify the court in directing a verdict on that ground. Counsel for defendant have summarized the testimony, which is claimed to have justified the court in this action, about as follows:

"It appeared that plaintiff was accustomed to driving a car extensively and each day, at a distance of about fifteen to twenty thousand miles a year. He had operated several different kinds of cars for ten or twelve years, including the car in question, and knew practically all the different types of cars. He often had occasion to change tires and he demonstrated in court the right and wrong way of changing the tire in question; he noticed and

called the attention of Leake to the fact that the canvass flap was not inside the rim (casing) and had him change it; he noticed that the ends of the rim were about two inches apart, whereas they should have come together, and he called attention to that, knowing from his experience with former cars that the ends should meet; he noticed that the lock was standing up at the top, was wrong-side out and nothing was holding it at all; that there was a crack of one-fourth of an inch or more between the lock and the rim, and he remarked that it wasn't fixed right. Mr. Barton, who was standing behind Loney, saw the same conditions and defects observed by the plaintiff. The latter's eyesight was perfect and he knew that Leake was unfamiliar with that type of fastening and did not know how to change the tire and plaintiff assisted Leake in taking the tire off. Yet with all this knowledge, he put his face down within ten inches of the wheel and thus exposed himself to the injury when the tire and lock-rim blew off.''

To this statement, nearly correct, must be added the testimony that when the plaintiff called Leake's attention to the condition of the rim, and asked him whether or not the ends of the rim should meet, Leake answered: ''I guess I know what I am doing;'' and that plaintiff then did not say anything because he thought that Leake did. It was shown conclusively that the plaintiff knew of the defective condition of the tire and of the lock-rim, but that, in and of itself, is not, we think, in this case, sufficient to make him guilty of contributory negligence as a matter of law. Plaintiff, it is true, was bound by what he knew or might have known by the exercise of ordinary care. Cerrano v. Ry. L. & P. Co., 62 Ore. 421; 126 Pac. 37. And if the danger, the peril, was known to him, or if it should have been known to him because of his past knowledge, or if it was patent and obvious, so that a man of ordinary prudence should have known of it, he cannot recover. 29 Cyc 513; 20 R. C. L. 109, 110; Texas Co. v. Electric R. Co., 147 Md. 167, 127 Atl. 752, 40 A. L. R. 495. Defendant was not bound to warn the plaintiff of

a peril and risk which was open and obvious and was or should have been appreciated by him as a man of ordinary prudence. Wilbourn v. Cooperage Co., 127 Miss. 290, 90 So. 9. But knowledge or imputed knowledge of danger that will bar recovery does not necessarily arise from mere knowledge of a defective condition by reason of which a man may be injured. Danger may lurk within every defective condition, and yet may not be of such character that men of ordinary prudence would hesitate to expose themselves thereto. The defect and the danger therefrom must be such that knowledge, or imputed knowledge thereof, would cause an ordinarily prudent person to appreciate the risk therefrom. Louisville G. & E. Co. v. Beancord, 188 Ky. 725, 224 S. W. 179. In the case of Frost v. McCarthy, 200 Mass. 445, 86 N. E. 918, it was said:

"The principle is too well settled to require a citation of authorities to support it, that mere knowledge of the danger of doing a certain act without a full appreciation of the risk involved is not sufficient to preclude a plaintiff from recovery, even though there may be added to the knowledge of danger a comprehension of some risk."

In 20 R. C. L. 110, it is said:

"From proof that the plaintiff had knowledge as of a physical fact, of the place or appliance by means of which he sustained the injury complained of, it does not necessarily follow that he must have appreciated the danger to which he was exposed therefrom, and it is an appreciation of or opportunity to appreciate the peril that bars him of recovery. Mere knowledge of the offending instrumentality does not constitute contributory negligence."

These principles were applied in the case of Town of Cody v. Soth, (Wyo.) 252 Pac. 1021, where we specifically held that a man cannot be held guilty of negligence as a matter of law simply because he passes over a defective

walk with knowledge of the defect, and we discussed those principles at length in connection with the defense of assumption of risk in Boatman v. Miles, 27 Wyo. 481, 119 Pac. 923, 26 A. L. R. 864; Lemos v. Madden, 28 Wyo. 1, 27; 200 Pac. 791; Chicago & N. W. Ry. Co. v. Ott, 33 Wyo. 200, 237 Pac. 238, 238 Pac. 287. It does not appear from the evidence in this case that the danger was open and obvious, or that a person of ordinary prudence should necesarily have appreciated the danger, after noticing the defects. In fact it seems to us that the accident was rather unusual, so unusual in fact, that without further evidence on the point, it would seem to be at least a question of fact for the jury as to whether or not the defendant in this case should have anticipated the injury to plaintiff therefrom, and if that is true, it could not be said as a matter of law, under the testimony in this case, that the plaintiff should have appreciated the danger and the resulting injury to him. The issue of negligence or contributory negligence is ordinarily one to be determined by the jury. 20 R. C. L. 109, 166. That is true even in a case where the testimony, as in the case at bar, is undisputed, if different minds may fairly arrive at different conclusions, and where the inferences from the facts are not so certain that all reasonable men, in the exercise of fair and impartial judgment, must agree upon them. 20 R. C. L. 169-171; 29 Cyc 631, 632. Thus it is said in the case of Stevens v. Company, 73 N. H. 159, 163, 60 Atl. 848, 850; 70 L. R. A. 119, approved in Gentzkow v. Portland Ry. Co., 54 Ore. 114, 102 Pac. 614, 135 Am. St. Rep. 821:

"When this defense (of contributory negligence) is urged as a ground for a nonsuit or for a verdict for the defendant, as it is in this case, it must appear that reasonable men, acting as the triers of the fact, would find, without any reasonable probability of differing in their views, either that the plaintiff knew and appreciated the danger

or that ordinarily prudent men under the same circumstances would readily acquire such knowledge and appreciation.''

And in the case of Central R. Co. v. De Busley, (C. C. A.) 261 Fed. 561, 566, the court said:

''We are, of course, to be guided by the well settled rule that where there is uncertainty as to the existence or nonexistence of negligence or contributory negligence, or both, whether such uncertainty arises from a conflict in the evidence or because, the facts being undisputed, fair minded and reasonable men might honestly draw different conclusions therefrom, the questions are primarily for the jury, and that it is permissible for a court to give binding instructions only when the facts are such that all reasonable men must draw the same conclusions from them.''

See also Saylor v. Electric Co., 110 Ore. 231, 222 P. 304, 223 Pac. 725, and authorities there cited; St. Paul etc. Ins. Co. v. Hines, 110 Kans. 4, 202 Pac. 582. We do not think that C. B. & Q. R. Co. v. Cook, 18 Wyo. 43, 102 Pac. 657, meant to state a rule contrary thereto. In that case the court held that the acts of plaintiff constituted negligence per se and there was no occasion to refer to the rule here mentioned. And in Hines v. Sweeney, 28 Wyo. 57, 201 Pac. 165, 201 Pac. 1018, we stated the rule to be as heretofore mentioned, saying:

''Even though the facts are undisputed, still, if more than one inference can be drawn therefrom, the question of negligence is for the jury.''

While the trial judge must necessarily determine in the first instance whether or not a case comes within the principle above mentioned, and while it may at times be a close point whether it does or not, we do not think that it can be said in this case that all fair-minded men could only draw the inference in this case that the plaintiff was negligent. The very fact of the unusual character of the

accident, already referred to, would seem to preclude this conclusion. We know, neither from the evidence in the case, nor from common knowledge, that when the plaintiff observed that the rim was not properly fastened on the tire that he should have known and appreciated the danger to which he was exposing himself when he stooped down to look at the tire, or that such danger was so open and obvious that the average prudent man would have realized the risk. In fact, it would seem from the evidence, that plaintiff stooped down to examine and determine more closely just what was the matter with the tire and the rim. We think that the question of contributory negligence was for the jury, and that the court erred in taking it from them.

It follows that the judgment herein must be reversed, and the case remanded to the District Court for a new trial.

*Reversed and Remanded.*

POTTER, J., and KIMBALL, J., concur.