IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

MIDDLE DIVISION.

NASHVILLE, DECEMBER TERM, 1922.

E. T. JOHNSON *v.* HARVEY S. WARWICK.

*(Nashville.* December Term, 1922.)

1. **MUNICIPAL CORPORATIONS.** Speed ordinance held applicable though street ended at intersection.

An ordinance limiting speed of automobile to nine miles when crossing through thorough-fares of cross-section streets, and fifteen miles elsewhere, applied, though the street involved ended at the point of intersection. (*Post, p.* 208.)

2. **MUNICIPAL CORPORATIONS.** Automobile driver held guilty of contributory negigence.

Plaintiff's failure to see an approaching car, although warned by a companion in the front seat, and to turn around the center of intersection to streets, and give the arm signal for turning, as required by ordinances, *held* negligence continuing concurrently with defendant's negligence in exceeding the speed limit until the collision occurred, so as to preclude recovery. (*Post, p.* 209.)

Cases cited and approved: Chattanooga Light & Power Co. v. Hodges, 109 Tenn., 333; Railroad v. Williford, 115 Tenn., 115;

*On violation of statute or ordinance regulating movement of vehicles as affecting violator's right to recover for negligence, see notes in L. R. A., 1915E, 960 and 12 A. L. R., 458.

(205)

Johnson v. Warwick.

Railroad v. Roe, 118 Tenn., 602; Todd v. Railroad, 135 Tenn., 92; Grigsby v. Bratton, 128 Tenn., 507.

FROM DAVIDSON.

Appeal from the Circuit Court of Davidson County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—Hon. A. G. Rutherford, Judge.

Jordon Stokes, Sr., for plaintiff in error.

Keeble & Seay and A. U. Stockell, Jr., for defendant in error.

Mr. Morrison, Special Justice, delivered the opinion of the Court.

This was a suit by E. T. Johnson to recover of the defendant, Harvey S. Warwick, damages to the plaintiff's automobile as well as personal injuries sustained by the plaintiff as the result of a collision between the plaintiff's automobile and that of the defendant, in South Nashville, Tenn., at the intersection of Benton avenue and Eighth avenue, south. At the conclusion of the plaintiff's proof in the circuit court a motion was made by defendant, Harvey S. Warwick, to instruct the jury to return a verdict in his favor, which motion was sustained by the court, and the suit was dismissed. The plaintiff moved the court for a new trial, which was overruled, and thereupon prosecuted his appeal in the nature of a writ of error to the

court of civil appeals. That court affirmed the judgment of the circuit court, and held that the circuit judge properly granted the defendant's motion for peremptory instructions in his favor. Thereupon the plaintiff in error filed a petition to rehear, which was dismissed. Thereupon he filed his petition for *certiorari* and *supersedeas* in this court.

The collision occurred about 10 o'clock in the morning of April 17, 1921, at the intersection of Eighth avenue and Benton avenue. Plaintiff was traveling south on Eighth avenue, and on the west side thereof, and defendant was traveling north and on the east side of Eighth avenue. Therefore each man was on the proper side of the street. As the plaintiff approached Benton avenue he turned diagonally across Eighth avenue for the purpose of entering Benton avenue. This turn brought him in line with defendant's car, and the collision occurred. It clearly appears from the testimony that plaintiff, Johnson, in turning from Eighth avenue to his left into Benton avenue, directly across the way of the approaching car of defendant, did not see the approaching car until an instant before the collision. He says he was driving at a very slow rate of speed. His companion on the front seat of his car did see the approaching car, and called his attention to it. It also appears that plaintiff violated section 31 of the City Ordinances, which provides, "in turning while in motion or in starting to turn from a standstill, the signal shall be given by raising the whip or hand indicating the direction in which the turn is to be made," and that he violated section 5, which provides, "A vehicle turning into another street to the left shall

turn around the center of the intersection of the two streets."

As to the negligence of the defendant, proof was introduced that he had stated at another time and place that he was running from twelve to fifteen or sixteen miles per hour. He contends, however, that section 17 of the City Ordinances, which provides that the speed of automobiles is limited to "not more than nine miles per hour when going across the through thoroughfare or cross-section streets," and "not more than fifteen miles per hour in other parts of the city," does not apply. In other words, this contention is that, since Benton avenue ends at Eighth avenue, and does not continue across it, the city ordinance does not apply. This contention is erroneous. We think that Benton avenue, although it does not cross Eighth avenue, is within the prohibition of section 17. This section was intended to prevent accidents and collisions, and we can conceive of no good reason for limiting the application of the section to streets which go entirely across other streets, and excluding from its purview a street which only empties into another street. If the defendant's contention in this respect is sound, section 5 of the City Ordinances, which required the plaintiff when he turned into Benton avenue to turn around the center of the intersection of Benton avenue and Eighth avenue, would not apply, because, if Benton avenue ends with the eastern curb line of Eighth avenue, the center of Benton avenue would not intersect with the center of Eighth avenue, as illustrated on page 10 of the reply brief for defendant in error. On this score we think the ordinance referred to means that a vehicle turning into another street to the left shall turn around the

point made by the intersection of the center lines of the two streets, although it may be necessary to project one of the center lines to determine the point.

There is no conflict in any of the material evidence. Both the plaintiff and the defendant were negligent. The plaintiff was negligent in that he approached and attempted to enter Benton avenue in violation of city ordinances, and that he did not see an approaching car within his unobstructed vision, although the car was seen by a companion beside him. This negligence continued until the instant of the collision. The defendant was negligent in that he drove his car at a greater speed than nine miles per hour in going across Benton avenue, and his negligence continued until the moment of the collision. The negligence of the plaintiff, as set forth above, continued to operate concurrently with the negligence of the defendant at the moment of the accident in producing it. We therefore hold that the case was a proper one for peremptory instructions, and that, notwithstanding the proximate negligence of the defendant at the time of the accident, the negligence of the plaintiff, as above set out, continued to operate concurrently at the moment of the accident in producing it. *Chattanooga Light & Power Co.* v. *Hodges,* 109 Tenn., 333, 70 S. W., 616, 60 L. R. A., 459, 79 Am. St. Rep., 844; *Railroad* v. *Williford,* 115 Tenn., 115, 88 S. W., 178; *Railroad* v. *Roe,* 118 Tenn., 602, 102 S. W., 343; *Todd* v. *Railroad,* 135 Tenn., 92, 185 S. W., 62, L. R. A., 1916E, 555; *Grigsby* v. *Bratton,* 128 Tenn , 507, 163 S. W., 804.

The judgment of the court of civil appeals is affirmed at the cost of the plaintiff and the sureties on the appeal bond.