CORDER v. LANE.—72 S. W. (2d) 570

Middle Section.   November 10, 1933.

Affirmed by Supreme Court, June 23, 1934.

True & Dorsey, of Springfield, for plaintiff in error.
J. W. Murrey, of Gallatin, for defendant in error.

DeWITT, J.   At the close of all the evidence introduced upon the trial of this action, the circuit judge sustained a motion of the de-

fendant for peremptory instructions and dismissed the suit. The plaintiff insists, upon his appeal in error, that the issue of negligence should have been submitted to the jury.

The action was brought against C. Owen Lane, the proprietor of a garage and automobile repair shop in Portland, to recover damages for personal injuries sustained by the plaintiff while his automobile was in the shop for repairs. Mr. Lane died while the suit was pending and it was revived against his administratrix.

In his declaration the plaintiff averred as follows:

That on or about July 13, 1931, he, plaintiff, went into the public garage and repair shop of the said C. Owen Lane at Portland, Sumner county, Tennessee, "carrying his automobile with him for the purpose of having the said C. Owen Lane make some repairs or adjustments thereon; and while in said garage and repair shop waiting for the work to be done on his said automobile the said C. Owen Lane, through his agents and servants employed in said garage and repair shop, carelessly and negligently and suddenly and without warning backed an automobile into and against plaintiff's left knee, bending, bruising and injuring the same, knocking him down, and putting him in peril and causing him much physical pain, and therefrom he was made sick, sore, lame and disordered, and he yet so remains, and therefrom he has been permanently injured.

"Plaintiff was without fault on his part and the said carelessness and negligence of said C. Owen Lane, through his said agents and servants, was the proximate cause thereof."

The plaintiff (sixty-five years of age at the time of the trial) drove his car into the garage of Lane for the purpose of having the brakes tightened and some minor work done on the motor. He had done so many times theretofore. He was directed by an employee of defendant to drive his car on the left-hand side of a greasing rack, which stood at about the middle of the room, as on the right-hand side of it stood another automobile on which an employee named Gossett was working. The greasing rack was about 30 to 36 feet in length with an incline the length of an automobile. The level part of the rack was about 4 feet above the floor. The room was 40 feet wide. It required about thirty minutes to do the work on the plaintiff's car. He remained at that place while the work was being done. No objection was made to his standing there. Other cars were in the shop. When Gossett had finished his work on the car on the right-hand side of the rack, room had to be made by moving cars so as to enable Gossett to back that car out of the garage. For this purpose Herbert Lane, another employee, drove the plaintiff's car up on the rack. The accident occurred when he backed this car down the incline and struck the plaintiff, who was standing so near the track of the incline as to be struck. His main injury was to his left knee.

The plaintiff testified that he had been standing a little behind

the car on which Gossett was working; that he had not seen Lane put his car on the rack; that when he saw Gossett backing the other car close to the rack he stepped aside; that he then stood at the foot of the incline until he was struck by his own car; and that when struck he was facing in a direction beyond the end of the incline. He had been there one or two minutes. Lane did not give any warning of his intention to move the car down the incline. The car operated by Gossett was making a noise. The plaintiff testified that he was not noticing his car up on the rack; that he knew that his car was in charge of Lane. He said that he did not see his car until it hit him and that as soon as it hit him it stopped; that his foot caught it; that Lane was backing the car "nicely," not recklessly. He said that he was standing about 8 or 10 inches from the foot of the track and that he was struck when the rear wheels had got off the track, and he was thrown down. He said that he had heard them signal many times when cars were coming off the rack.

Herbert Lane testified that at the time of the accident the plaintiff had been there an hour or more, and he supposed that he was just loafing; that when plaintiff's car was on the floor some cars were in front of it; that he drove it over to the right and one car came off the rack and one on to the left; that he drove plaintiff's car up on the rack to let Gossett back the other car out; that then he got out of plaintiff's car and it stayed there for three to five minutes; that when Gossett had backed the other car out he entered the plaintiff's car and backed it down the incline very slowly; that when he looked back he looked over the plaintiff's head and he stopped the car when plaintiff was struck. He said that when he first got out of the plaintiff's car he saw the plaintiff standing with his right foot on the incline track, but that when he went back to get in the car he did not see him standing there; and that between these times three or four minutes elapsed.

Gossett testified that when he started backing the car on which he had been working the plaintiff was standing there with his foot on the rack; that the plaintiff looked back at him moving the car; that the last time he saw the plaintiff he was standing about 3 feet from the end of the rack facing it; that he saw Lane start back and he hallooed to him and he stopped. Lane, called in rebuttal for plaintiff, testified that he did not hear Gossett call to him; that when Gossett was beginning to move he, Lane, was "Just easing back, backing a little bit" for Gossett to get out of the way before he should back down the incline. Gossett testified that he had gone out of the shop when Lane did finally come down. This testimony of these witnesses for the defendant is not in conflict with any of the evidence for the plaintiff, and therefore it is taken into consideration on the motion for peremptory instructions. Martin v. Braid Electric Co., 9 Tenn. App., 558, and cases cited.

The jury could reasonably have concluded that the plaintiff was an invitee when he came upon the premises, but as to the precise place where he said he was standing when he was struck, it could only be concluded that he was not an invitee. It is only at those parts of the premises where the person invited is expected to be that the owner owes to the invitee the duty of exercising ordinary care and prudence toward him under the circumstances. Worsham v. Dempster, 148 Tenn., 267, 275, 255 S. W., 52. Certainly it could not reasonably be concluded that the plaintiff was even impliedly invited to stand at the end of the incline facing the other way from his car on the rack when he must have reasonably apprehended that his car was about to be moved down the incline toward him. Hubert Lane was not conscious of his presence at that place and did not see him as he moved the car down the incline; therefore, no reckless, wanton, or willful misconduct on his part is shown by any evidence. It is true that the owner of a public garage must anticipate, in providing for the protection of invitees, what is usually and cusomarily done by such persons within the scope of, and to carry out the purpose of, the invitation. Loney v. Larmarie Auto Co., 36 Wyo., 339, 255 Pac. 350, 53 A. L. R., 73. But this rule does not apply to such a case as this, for the plaintiff was not an invitee where he stood, nor is there any evidence of habit or custom of patrons to place themselves in such position amid such circumstances. There is no evidence that the defendant or his employee left undischarged or unfulfilled any obligation or duty which they owed toward the plaintiff. He placed himself in the position of danger and negligently suffered the consequences without any knowledge of the danger or any reasonable apprehension of it on the part of the defendant's employee. The rule of limited last clear chance, or discovered peril, does not apply. The defendant owed the plaintiff no duty except to refrain from willful or reckless misconduct toward him.

Even if the jury could reasonably have concluded that Herbert Lane was negligent, the undisputed evidence shows that the plaintiff was also negligent equally proximate as a cause of the injury, and he could not recover. Grigsby & Co. v. Bratton, 128 Tenn., 597, 163 S. W., 804; Johnson v. Warwick, 148 Tenn., 205, 254 S. W., 553; Tennessee Cent. Ry. v. Ledbetter, 159 Tenn., 404, 19 S. W. (2d) 258; St. Louis & San Francisco Railway Co. v. Young & Son, 4 Tenn. App., 152.

Therefore it was not error to direct a verdict for the defendant and dismiss the suit. The judgment is affirmed. The costs of the appeal in error will be adjudged against the plaintiff and the surety on his appeal bond.

Faw, P. J., and Crownover, J., concur.