## CONRAD v. BERTUCCI.[*]
### No. 13888.

Court of Appeal of Louisiana. Orleans. Jan. 21, 1935.

Hugh M. Wilkinson, A. Miles Coe, Fred W. Oser, and Harry Nowalsky, all of New Orleans, for appellant.

Gordon Boswell, of New Orleans, for appellee.

*Rehearing denied March 4, 1935.

LECHE, Judge.

This is a suit for damages in which defendant has appealed from a judgment rendered in favor of plaintiff.

The Southern Demolishing Company was engaged in demolishing a brick structure at the corner of Camp and Julia streets in the city of New Orleans. A section of a brick wall remained standing approximately sixty feet from and parallel to Camp street and approximately ten feet high, fifteen feet long, and thirteen inches in thickness.

Plaintiff, engaged in cleaning bricks for the Southern Demolishing Company, was performing his duties on the side of this wall opposite to or away from Camp street. Defendant's truck, being in charge of and operated by defendant's employee, was engaged in hauling away filling consisting of broken bricks and mortar, etc., which was placed in piles about the site of the work. The truck had crossed the curb of Camp street and entered the lot and was partially loaded. A young negro boy in the employ of the Southern Demolishing Company was assisting in loading defendant's truck and, in order to remove the filling from another pile, it was decided to change the position of the truck. To accomplish this defendant's employee was backing the truck towards this pile of débris and was being guided in this operation by the said employee of the Southern Demolishing Company. While slowly backing, the rear portion of the truck came in contact with a pile of bricks which were stacked at the base of the wall; the pressure causing the wall to fall over in the direction away from Camp street and to strike plaintiff, who was engaged in cleaning bricks as aforesaid.

Plaintiff was paid workmen's compensation for a period of total disability of seven weeks and five days amounting to $77.46, and his hospital and surgical expenses of $84.25 by the Southern Demolishing Company. He then brought this suit against defendant for damages.

Plaintiff relies on the case of Joynes v. Toye Bros. Auto & Taxicab Co., 11 La. App. 124, 119 So. 446, 449. In that case the plaintiff and her husband were standing on the sidewalk on the downtown lake side of Baronne and Poydras streets, intending to cross Baronne street. Just then defendant's cab drove in front of them, running up on the lake side of Baronne street, and entered Poydras street. When he had driven more than half of the width of Poydras street, the chauffeur realized, or was told by a traffic officer, that the red light was on Baronne street and that he had disregarded it. The chauffeur then backed up into Baronne street just as the plaintiff, who had been waiting an opportunity, stepped into Baronne street to cross it, and, as she reached the first car tracks towards the lake, she was struck by the backing cab and injured. The court said:

"It is evident that the accident happened through the negligence of the cab's chauffeur. Whether he was ordered by the traffic officer to back, or whether he backed up spontaneously, is immaterial. *If he did either negligently he is liable.* He cannot lay the blame, which at least he shared, upon the officer. No one can set up as an excuse that he was told to commit an illegal act. But it is evident that he was told to do a legal act, to drive according to ordinances; *and if he did that negligently he alone was liable.*" (Italics ours.)

■ It was held in that case, whether the taxicab driver backed on order of the traffic officer or on his own initiative, *if he did it negligently,* he was liable, and we find no fault with that rule. The situation in that case, however, was entirely different from the circumstances obtaining in this case. In the first place, that was a traffic case and the accident occurred upon the public highway. In the case before us the accident happened on private property, and the rule is correctly stated in 42 C. J., page 1025, § 763, as follows:

"While governmental regulations with respect to the operation of automobiles are ordinarily applicable only to operation on public streets and highways, the common law duty of exercising due care and avoiding injury to others rests upon one who operates an automobile in other places, although the nature of the place is a proper matter for consideration in determining whether the operator exercised due care under the circumstances."

It has often been held that the law of the road does not apply to private property, and it must be determined in this case whether or not the operator of defendant's truck used such care and diligence as would be used by the average reasonable person under the same or similar circumstances.

■ Plaintiff himself was guilty of negligence, for, according to his own testimony, he was not only sitting close to the wall, but had his back towards it. He was working in a place where there was imminent danger of injury from falling bricks, lumber, and débris, and he testified that he was warned by his employer to look out for falling walls and not to put himself in a dangerous position,

598

and that he knew that it was dangerous for him to be where he was.

 The driver of defendant's truck was not on the public highway and, in our opinion, used a degree of care with which we can find no fault in the circumstances. He was backing his truck slowly towards a pile of débris for the purpose of loading it onto the truck. He had stopped the truck and was motioned by the employee of the Southern Demolishing Company to back a little further in order to facilitate the loading. There were no other vehicles or pedestrians or other persons in the rear of the truck, and he was within his rights in attempting, under direction, to back up a little further in order to place his truck in the desired position. There was no negligence in his so doing.

For the reasons assigned the judgment appealed from is annulled, avoided, and reversed, and it is now ordered that there be judgment in favor of the defendant dismissing plaintiff's suit at his cost.

Reversed.