This is a suit brought by Mrs. Mary Byrne Cotten for damages for the death of her husband, William A. Cotten, which, she alleges, resulted from an accident that occurred on December 21, 1947. The deceased was a man over 76 years of age, who died on March 10, 1948, the certificate of death, signed by his attending physician showing that he died of acute heart trouble, following trauma.
The demand is for the sum of $37,626.42, including medical, funeral and burial expenses. Upon trial in the lower court, the district judge awarded the plaintiff judgment in the sum of $6,000. Negligence causing the accident is charged against James S. Butler. The Zurich General Accident and Liability Insurance Company, Ltd. had insured Butler's car against public liability and both were sued, in solido. The judgment was against both and they have both appealed suspensively. Plaintiff has answered the appeal asking for an increase in the amount of the judgment to the sum originally demanded.
The facts reveal that the decedent was a man who was active and vigorous for a person of his age, conducting an insurance collection business which necessitated his driving his automobile over a rather large area surrounding the city of Baton Rouge. His home was at Municipal No. 238, North Street, in that city. The house was on the south side of the street, facing north. The defendant Butler had been living at the Cotten home for some six or seven years prior to the accident. He also used an automobile which he kept parked in an open space between the garage in the rear of the Cotten home and the garage back of the home immediately to the west. It appears that there was a servitude of passage between the two homes which was used as a means of exit to the street. According to the testimony, the place where the defendant Butler kept his car parked was approximately 30 feet from the rear steps of the Cotten home. He always backed his car out to the street and in order to do so it was necessary for him to back somewhat at an angle from south to east, some 12 or 15 feet, and then straighten out so as to back the car straight to North Street through the driveway on the Cotten property.
Butler was accustomed to go to St. Francisville in his car every Sunday and on the day of the alleged accident, which was a Sunday, following his usual custom, he *Page 916 
came out of the house some time in the morning to go to his car and back it out to the street. As he walked to the back porch when he left the house to go to his car, he says that both Mr. and Mrs. Cotten were standing on the porch and that following another custom of his, he paid his weekly rent for his room to Mrs. Cotten, exchanged a few words with them both about some immaterial matter, perhaps the weather, and then went to his automobile. He says that he looked to see if the driveway was clear, and as it was, he got in his car, proceeded to start the motor and then to back out. He says that he again looked to his left to see that the driveway was open and then looked through the rear-view mirror as he backed out. He was backing very slowly and cautiously and had backed about 15 feet, when, he says, he heard Mr. Cotten's voice uttering the words "Hey There." The sound of the voice came from the right side of his car so he immediately stopped and got out from that side and walked to the rear to see what had happened.
Up to this point the facts are undisputed with the exception that it is the plaintiff's contention that Mr. Cotten was not standing near the right rear of the automobile when he was struck but that he was standing near the side of his house, trimming flowers or hedges and that necessarily he had to be standing near the left rear end of the car when he was struck. To continue with Mr. Butler's version, however, he states that after he got out of his car and walked to the rear, he saw Mr. Cotten standing near the step of his back porch, leaning on the step, as it were, with one hand on the railing and the other holding his knee or leg. He asked him what had happened and Mr. Cotten told him that the bumper of his car or something had struck his leg. He then told Mr. Cotten how sorry he was that he had done anything like that and offered medical assistance, whereupon Mr. Cotten said that he did not require any, that he would be all right after a while. He says that Mr. Cotten told him that it was not his fault. He stayed around waiting to see if Mr. Cotten could get around and when he saw that he did not require a doctor's attention and was actually walking, he got in his car and went off.
Mr. Butler's testimony is the only eye witness proof in the record concerning the way in which the accident happened. Plaintiff in her petition, alleges that at the time, her husband was standing in a small flower bed adjacent to the back porch and back steps of their residence; that the defendant Butler backed his automobile in a negligent and reckless manner, and without keeping any look-out whatever, thus striking her husband while he was facing in a direction opposite to that in which the automobile struck him and had no warning of its approach. It is apparent therefore that that is the negligence on which she relies, and which she would have to prove, to recover judgment against the defendant and his insurer. The defense is that there was no negligence whatever on the part of the defendant Butler and, in the alternative, even if he was in the least way negligent, the decedent was guilty of contributory negligence in having left a place of safety on the porch of his home where he was when Butler last saw him before going to the automobile, and in then going into the driveway when he knew Butler would back his car over the driveway in order to get out to North Street. It is further alleged that he placed himself in a position of danger without maintaining a proper look-out for the movement of the Butler car which he well knew, was going to be backed into the driveway. There is a third issue in the case, dependent upon the question of liability, and that is whether the death of Mr. Cotten, two and one-half months following the accident, was caused, or hastened by the injury to his knee.
The trial judge discounted the testimony of the defendant Butler, which as we have said, furnishes the only eye-witness proof of what happened. In his reasons for judgment, he says that he went out to view the scene of the accident and after analyzing Butler's testimony, and having observed his demeanor on the witness stand, and after considering the physical injuries to the decedent as well as all the other facts and circumstances in the case, he concluded that the accident could not have happened as testified to by Butler and he then proceeds to reconstruct it in the way in which he finds it happened. *Page 917 
In order to accept Butler's version, the trial judge says that he would have to conclude that the decedent was either insane or was deliberately seeking to get hurt by the car in its backward movement and as there is nothing in the record to indicate either one of these probabilities, he is bound to reject his testimony and decide the case in the manner in which he has rebuilt or reconstructed the accident. We do not think that it is necessary to indulge in the condition of mind of Mr. Cotten at the time of the accident. There is ample proof in the record to show that he was a man enjoying life at his age, and had no intention of deliberately and purposely getting injured. From the very nature of his injury, which apparently was so slight that he did not require any assistance after it happened, and kept walking around, we do not think the idea of him wanting to deliberately injure himself should play any part in the determination of the case. We have not the advantage which the trial judge had of viewing the scene and of observing Butler's demeanor on the witness stand, but reading his testimony as it appears in the record, he impresses us as having been a pretty fair and honest witness. It is true that he has an interest in the case because the amount demanded is in excess of his insurance coverage, but it is equally true that the plaintiff is also vitally interested in the outcome of the suit.
To adopt the trial judge's ideas as to how the accident happened, it is necessary, as he did, to resort to surmises and speculation. In Paragraph 7 of her petition plaintiff alleges "that at the time of the accident her said husband was standing in a small flower bed which is adjacent to the back porch and back steps of the Cotten residence." As is to be noted, that allegation does not use the words, "trimming flowers" which is what the trial judge states he was doing. It is significant that according to Butler's testimony, and this point is not disputed, that when he left the back porch, Mr. and Mrs. Cotten were both standing on the porch, that Mrs. Cotten, who made the allegation in Paragraph 7 of the petition does not say one word in her testimony about her husband having left the porch afterwards to go and either stand in the flower bed or trim the flowers in the bed next to the steps. The only reference that is otherwise made to trimming hedges is in Butler's testimony on cross-examination when in answer to a question whether Mr. Cotten told him what he was doing in the yard when he was struck, he answered: "I don't know that he told me then, but I understood he was out trimming the shrubs, starting to." He is positive however in stating that he did not see him doing anything like that. In this connection it would seem to us that if Mr. Cotten was intending to trim the flowers, or to trim the hedges, as some mention is also made in the record, that he would have had tools or garden implements of some kind with which to do that, and yet there isn't any intimation in the record that he had anything of that kind with him. Surely this isn't sufficient proof to support the allegation that Mr. Cotten was standing in or near a flower bed next to the steps of his house and was busily engaged in trimming the flowers, as held by the trial judge, and that Mr. Butler who was accustomed to backing his car out of the yard and had been doing so for more than six years, was so careless on this particular morning as to back on an angle into the flower bed and bump into Mr. Cotten and yet this is the only reasonable conclusion the judge's reconstruction of the accident can lead to.
But let us say that Butler was not entirely free from blame in his manner of preparing to back or in actually backing his car we still cannot understand how a man of Mr. Cotten's judgment and his apparent agility for a man of his age as is reflected in this record, could be held to be entirely free from fault himself. He knew that for the past six or seven years Mr. Butler used this means of exit from their premises to get his car on North Street; he saw him on the back porch a matter of seconds or so, before he left to go to his car, knew that he was leaving as he customarily did every Sunday, and knew that in order to get out to the street he had to back his car as he usually did. He was in a place of safety when Mr. Butler last saw him and should have anticipated that there might be some danger in leaving it and placing himself anywhere near the driveway during the *Page 918 
time that the car was going to be backed out. Butler, on the other hand who had last seen him standing on the back porch, and having, before entering his car, seen that the driveway was clear, and again after entering his car, looked to his left and observed again that there was nothing to impede his backing on that side, had a right to assume that he could back out in safety without causing injury to any one, especially to a man of such judgment as Mr. Cotten possessed. It is true that he did not look to his right while he was backing, but we do not very well see how he could be expected to have done this and continued his operation of backing. He says that he did what drivers generally do when he looked through the rear-view mirror in his car and did not see any one in the back of him. Counsel for plaintiff says that that did not afford him a good view because he had to make an angle turn to his left and while he was making that turn, it was impossible for him to see any one standing immediately back of him in the driveway. That may be so but the fact that he had to make this turn in backing, imposed a corresponding duty on Mr. Cotten, if he was standing anywhere near the driveway, to take care of himself, as he no doubt knew that that was the way in which the car had to be backed. From our viewpoint of the case therefore, it would seem that if Butler was in any manner negligent, the decedent himself was also negligent and his negligence contributed in such a way to his own injury sustained in the accident as to bar his recovery.
During the cross-examination of the defendant, Butler, it developed that some time after the accident, he had given his insurance carrier a statement which was reduced to writing, informing them how the accident had happened. He was asked if he would authorize the insurance company to make the statement available and replied that if that were permissible, he had no objection. Counsel for plaintiff then asked counsel for the defendant insurance company if he was willing to make the statement available to the court, to which counsel replied that such a request was only an effort to bring in something that had no place in the record. Without being called on for a ruling, apparently, the trial judge stated that he did not see that there was anything before the court.
Counsel for plaintiff now stress the point that because of the insurance company's refusal to produce the statement a presumption arises that it contained matter that was unfavorable to its side of the case and that this presumption should be applied against it. But there was no refusal to produce the statement. By his very ruling the trial judge must have thought that there wasn't as he stated that there was nothing before the court on which to rule. In view of what he stated at the time we cannot very well understand how later on, in giving his reasons for judgment, he attached such importance to the absence of the statement from the record based on what he now says was the refusal of counsel for defendants to produce it.
We therefore are unable to agree with the learned trial judge in his appreciation of the evidence and the conclusions he has otherwise reached in the case and it becomes necessary for us to reverse the judgment appealed from.
For the reasons stated it is now ordered, adjudged and decreed that the judgment appealed from be and the same is hereby reversed, set aside and annulled and it is further ordered that there be judgment in favor of the defendants, James S. Butler and Zurich General Accident and Liability Insurance Company, Ltd., and against the plaintiff, Mrs. Mary Byrne Cotten, rejecting the said plaintiff's demands and dismissing her suit at her costs.
 On Application for Rehearing.