GLADNEY, Judge.
This action seeks recovery of damages for personal injuries sustained by Henry Veal, an elderly Negro, when struck by an automobile being moved within the garage portion of the premises of Pearce Motor Company by its employee, H. H. Hale. The defendants deny liability, asserting an absence of actionable negligence on the part of Hale, and alternatively pleading as a bar to his right of recovery that Veal was guilty of contributory negligence. The case was tried on the merits and after a consideration of the issues so presented, judgment was rendered rejecting plaintiff’s demands. Prom that decree plaintiff has appealed.
The facts affecting the question of liability are clearly established without substantial disagreement. After a study of the record we find that all material findings of fact have been accurately and aptly stated in a thorough opinion by the trial judge, and for the purposes of more clearly presenting our views, we quote his opinion almost in its entirety. Although agreeing with the conclusions reached by the judge a quo, as to the non-liability of the defendants, we are of the opinion that it is unnecessary for a proper determination of the case for this court to decide if the status of plaintiff was that of an invitee rather than licensee. The opinion of the lower court follows:
“This is a tort action brought by the plaintiff, Henry Veal, against Pearce Motor Company, a commercial partnership, and its insurer, Employers Liability Assurance Corporation, for alleged damages resulting from an accident which occurred in Alexandria, Louisiana on or about August 28, 1956. There is no substantial dispute as to the manner in which the accident occurred, the facts being that on August 28, 1956 at about 2 o’clock in the afternoon the plaintiff walked to the business establishment of Pearce Motor Company and .made arrangements with the manager to bring his car in the next day to have it repaired on credit. After making these arrangements the plaintiff walked back out the front door onto the sidewalk and then proceeded around to a side entrance of the building and walked through the garage portion thereof to the rest room. From there he went back toward the side entrance facing Fourth Street but stopped near the wash rack and started talking to one of defendant’s employees who was washing a car on the rack. While plaintiff was thus standing and talking to this employee he was struck on his right side by an old model Nash automobile which was being backed by another employee of Pearce Motor Company.
“The four legal questions to be answered by the Court in connection with this litigation are as follows: (1) Was the plaintiff an invitee or a licensee at the time of the *244 happening of the accident resulting in his injuries? (2) Was defendant’s shop foreman, H. H. Hale, guilty of actionable negligence? (3) Was the plaintiff guilty of contributory negligence barring his recovery? (4) Assuming liability on the part of the defendants, what amount is the plaintiff entitled to recover?
“The question of whether plaintiff was a business invitee or a mere licensee at the time of the accident is important because a different duty of care is owed to an invitee than that which is owed to a licensee. It is admitted that the plaintiff, on the day in question, had gone to the Pearce Motor Company for the purpose of discussing with the manager, Mr. Walter Pearce, the possibility of having a truck repaired on a credit basis. After making these arrangements- the plaintiff left the office of Mr. Pearce by the front entrance with the understanding that he would bring the truck back the next day. Plaintiff walked out on the side walk and then later around to a side entrance and into the garage portion of the establishment where he used the bathroom facilities. Then he walked back toward the front of the building stopping in the center of the garage to talk to one of the colored employees who was washing a car on the wash-rack. It was then that the Nash automobile operated by Mr. Hale backed up and struck the plaintiff. According to the testimony of Mr. Walter Pearce, a period of at least 45 minutes elapsed from the time plaintiff left his office until the time of the accident. Mr. Pearce testified that after the plaintiff left by the front door he, Mr. Pearce, decided to go and get a cup of coffee and that he walked several blocks to the coffee shop, took his time and stopped along the way to talk with friends and that the accident did not occur until about the time that he returned to the shop. The plaintiff admits that he had no business in the garage portion of defendant’s establishment except that of going to the restroom.
“In 65 C.J.S. [Negligence § 33] page 489 we find this- general statement of the law:
“ ‘A licensee can exercise only such rights and privileges as are granted by the license. His license does not extend beyond the area to which the permission applies, and he may be an invitee on a certain portion of another’s premises, for a proper purpose, and yet become a licensee, dependent on the circumstances-, on other portions of the premises. Accordingly, where a person has entered on the premises of another under invitation, express or implied, he is bound by that invitation, as discussed infra [§§ 46 — 49], and becomes a bare licensee if he goes, for purposes- of his own, to some part of the premises other than that to which he was invited, as where he goes into a part of a store where customers are not supposed to be in the ordinary course of the business, or to a part of a restaurant or lunch room where patrons are not expected to go, even though permitted by the owner or proprietor; or where he attempts to visit a toilet which is not ordinarily intended to be used by customers, patrons, or other invitees on the premises.
“ ‘A person on the premises by invitation may also become a licensee where he uses the premises for purposes or in ways other than those for which they were intended or to which his invitation extends; or where he remains on the premises beyond a reasonable time after his invitation has expired; or where he attempts to enter or leave by a mode other than that which is ordinarily used.’
“In this case the plaintiff originally went to Mr. Pearce’s office as an invitee but he completed his business- there and left by the front door. Apparently, he then walked out on the side-walk and waited for some time for his son-in-law to come and *245 pick him up, after which for his own personal convenience, he walked hack to the garage portion of the establishment for the purpose of using the bathroom. He had no business to transact in the garage and his use of this- portion of the premises was not by invitation either express or implied but was merely by sufferance of the defendant, Pearce Motor Company, and therefore clearly under the above statement of the law the plaintiff was at the time of the accident a mere licensee.
“Having found that the plaintiff was a licensee at the time of the accident we turn to the next question which is whether defendant’s employee was guilty of actionable negligence. A general statement of the law regarding the duty owed a mere licensee is found in 65 C.J.S. [Negligence § 35] at page 491 which reads as follows:
“ ‘The most usual statement of the general rule is that no duty exists toward a mere licensee except to refrain from willfully or wantonly injuring him, or as otherwise stated, to refrain from injuring the licensee through such gross negligence as is equivalent to willfulness or wantonness, or to abstain from the doing of any intentional, willful, or wanton acts or misconduct, endangering the safety of the licensee. The courts also frequently add to this exception or state in place thereof, some of the other well recognized exceptions such as the duty not to set traps for a licensee, or expose him to hidden perils, as discussed infra [§]38, or to use care to avoid injuring him after his presence is or should be discovered, infra [§] 36, or not to injure him through active negligence, infra subdivision h of this section. Another expression of the rule is that the owner does not owe to a licensee any duty of active vigilance to see that he is not injured while on the premises.’
“The above statement of the law has been followed in many Louisiana cases such as Salter v. Zoder [La.App.], 37 So.2d 464 and Mills v. Heidingsfield [La.App.], 192 So. 786.
“The defendant’s employee, Mr. Hale, testified that he left his desk and went back to get a customer’s car which was a 1952 Nash and that as he walked back he saw the plaintiff near the rest room. Mr. Hale testified that this particular model car has a small rear window making visibility to the rear very limited. He said that he got in the car and looking back through the rear window as best he could, he backed up very slowly 30 or 40 feet through a very narrow space. When he reached a point near the wash rack he heard a noise which sounded like he had struck something so he stopped immediately. On getting out of the car he found that he had struck the plaintiff. Mr. Hale’s negligence, if any, was not willful, reckless nor wanton so as to make defendants liable to a licensee.
“In the case of Corder v. Lane [18 Tenn.App. 51], 72 S.W.2d 570 the Supreme Court of Tennessee dealt with a very similar set of facts and held as follows:
“ ‘Certainly it could not reasonably be concluded that the plaintiff was even impliedly invited to stand at the end of the incline facing the other way from his car on the rack when he must have reasonably apprehended that his car was about to be moved down the incline toward him. Herbert Lane was not conscious of his presence at that place and did not see him as he moved the car down the incline; therefore, no reckless, wanton, or willful misconduct on his part is shown by any evidence. It is true that the owner of a public garage must anticipate, in providing for the protection of invitees, what is usually and customarily done by such persons within the scope of, and to carry out the purpose of, the invitation. Loney v. Laramie Auto Co., 36 Wyo. 339, 255 P. 350, 53 A.L.R. 73. But this rule does not *246 apply to such a case as this, for the plaintiff was not an invitee where he stood, nor is there any evidence of habit or custom of patrons to place themselves in such position amid such circumstances. There is no evidence that the defendant or his employee left undischarged or unfulfilled any obligation or duty which they owed toward the plaintiff. He placed himself in the position of danger and negligently suffered the consequences without any knowledge of the danger. or any reasonable apprehension of it on the part of the defendant’s employee. The rule of limited last clear chance, or discovered peril, does not apply. The defendant owed the plaintiff no duty except to refrain from willful or reckless misconduct toward him.’
“We turn now to the question of whether plaintiff was contributorily negligent so as to bar his recovery. The plaintiff admittedly, had been in the Pearce Motor Company Garage many times and knew that many vehicles were kept there and that these vehicles frequently were moved in and out of the garage or from one place to another in the building. It is the contention of the plaintiff that he had not placed himself in a position of danger but that he was standing near the edge of the wash rack out of the portion of the garage used for vehicular traffic. An examination of the photographs introduced in evidence and particularly those marked PD-2, PD-3, and PD-4 shows beyond any question that the plaintiff actually was standing out in that portion of the garage which any normal reasonable person would expect to be used by the vehicles in moving about in the garage. The fact that the plaintiff was actually struck by a vehicle which was being backed out of the garage corroborates this conclusion. The law is clear that one who knows, or in the exercise of ordinary care should have known and appreciated, the existence of danger from which injury might reasonably be anticipated must exercise ordinary care to avoid such injury. A statement of the law in this regard is found in 65 C.J.S. page 727, under § 121, dealing with negligence.
“After the plaintiff had placed himself in this position of danger he began to talk to the man working on the wash rack and through momentary forgetfulness or inattention he simply did not notice the car backing into him on his right side. In 65 C.J.S. [Negligence § 120] 726 we find this general statement of the law:
“ ‘Forgetfulness or inattention to danger. — Momentary forgetfulness of, or inattention to, a known danger may, and usually does, amount to negligence, but forgetfulness 'of, or inattention to, such danger will not always constitute negligence. When a person has exercised the care and caution which an ordinarily prudent person would have exercised under the same or similar circumstances, he is not negligent merely because he temporarily forgot or was inattentive to a known danger. To forget or to be inattentive is not negligence unless it amounts to a failure to exercise ordinary care for one’s safety. Regard must be had to the exigencies of the situation, and the circumstances of the particular occasion. Circumstances may exist under which forgetfulness or inattention to a known danger may be consistent with the exercise of ordinary care, as where the situation requires one to give undivided attention to other matters, or is such as to produce hurry or confusion, or where conditions arise suddenly which are calculated to divert one’s attention momentarily from the danger. In order to excuse forgetfulness of, or inattention to, a known danger, some fact, condition, or circumstance must exist which would divert the mind or attention of an ordinarily prudent person; mere lapse of memory is not sufficient, and, if, under the same or similar circum-; *247 stances, an ordinarily prudent person would not have forgotten or have been inattentive to the danger, such conduct constitutes negligence.’
“The case of Corder v. Lane, 72 S.W.2d 570 held that the plaintiff, a licensee, standing at the foot of an incline of a rack in a garage and facing the opposite way was guilty of contributory negligence precluding recovery for injuries sustained when a garage employee backed an automobile down the incline against plaintiff. The Court held that the plaintiff had negligently placed himself in a position of danger because he must have reasonably apprehended that a car might be moved down the incline toward him.
“The defendant also cites the case of Cotten v. Butler [La.App.], 39 So.2d 914, in which the Court said:
“ ‘But let us say that Butler was not entirely free from blame in his manner of preparing to back or in actually backing his car we still can not understand how a man of Mr. Cotten’s judgment and his apparent agility for a man of his age as is reflected in this record, could be held to be entirely free from fault himself. He knew that for the past six or seven years Mr. Butler used this- means of exit from their premises to get his car on North Street; he saw him on the back porch a matter of seconds or so, before he left to go to his car, knew that he was leaving as he customarily did every Sunday, and knew that in order to get out to the street he had to back his car as he usually did. He was in a place of safety when Mr. Butler last saw him and should have anticipated that there might be some danger in leaving it and placing himself anywhere near the driveway during the time that the car was going to. be backed out.’
“The plaintiff argues that even if he was negligent, such negligence did not proximately contribute to the injury. This argument is of course without merit because the plaintiff placed himself in a position of danger and then through inattention failed to take ordinary reasonable precaution to protect himself from these vehicles which might be moving about in the garage. The situation did not require that plaintiff give his undivided attention to other matters because the plaintiff was not working in this establishment or on the premises nor was he in a hurry nor was he confused nor had any conditions arisen suddenly which momentarily diverted his attention from the danger. He had placed himself in this position of danger and if he had been paying attention and using his faculties of sight, hearing and intelligence to protect himself in this dangerous position which he assumed and to which he had exposed himself, the accident would not have happened.
“For the reasons hereinabove set forth it is the opinion of the Court that there should be judgment in this matter in favor of the defendant and against the plaintiff dismissing this suit at plaintiff’s costs.”
Our reason for not resolving the question of whether or not Veal occupied the status of an invitee, or that of a licensee, is occasioned by our conviction Veal was-guilty of such negligence by standing in a garage where cars were being constantly moved and in not being observant, that it is a matter of no important difference if he was an invitee or licensee. In either status his right to recovery would be barred because of his own want of prudence. In this connection we add to the findings of fact by the judge a quo one other important fact established by the testimony of James B. Goodman. The latter testified when Veal was struck he was facing the right rear end of a car on the wash rack, which indicated Veal was at that moment facing in a northeast direction. As Hale was backing the vehicle which struck Veal from a position directly east of Veal, the inference is plain that plaintiff was partially facing the car being operated by Hale. It seems inexcusable, therefore, he *248 did not see the vehicle moving slowly toward him.
It is our holding, for the reasons here-inabove set forth, the plea of contributory negligence was correctly sustained by the trial court. There being no error in the judgment from which appealed, it is affirmed at appellant’s cost.