FRUGÉ, Judge.
This is a suit brought by Mrs. Alice Marie Bailey for damages for the death of her husband, W. H. Bailey, which resulted from an accident that occurred on March 5, 1959. Negligence causing the accident is charged against H. L. Fontenot, an employee of Dalmer H. Jines. The Trinity Universal Insurance Company had issued a policy against public liability covering the vehicle owned by Jines which was involved in the accident. Upon trial by jury there was judgment against Jines and his insurer in the aggregate of $18,000. The insurer, Trinity Universal Insurance Company, denying liability, has appealed suspensively from that part of the judgment which held it and Jines liable jointly and in solido for $10,000.
The facts are substantially these. On March 5, 1959 Fontenot was en route to the Bailey residence to make a delivery of welding supplies. He drove his supply truck down a lane leading to Bailey’s house. As he neared his destination his truck bogged in a hole which had been filled with soft dirt. After unsuccessful attempts to extricate the truck a system was devised whereby the truck could be removed from the bog-hole. A truck with a winch was backed up to the rear of defendant’s truck. Since the terrain was slippery another truck was tied to the winch-truck and clogged to serve as an anchor to the winch-truck. The delivery or supply truck was pulled out and over the bog-hole, but since traction was poor it was decided that the winch-truck should drive up a distance, unrolling its winch cable, and then Fontenot would attempt to drive the delivery truck out under its own power. If that was to fail then the winch-truck, which was to remain tied to the supply truck, would tow it onto higher terrain. The evidence shows that prior to each attempt to extricate the supply truck an agreement or understanding was made as to that attempt to remove the truck and that either Bailey or the anchor truck driver, Brown, would give signals to Fonte-not and the winch-truck driver, Carrier. In accordance with the above described plan the winch-truck began paying out cable in order to drive forward. At this moment, Fontenot, upon seeing the cable being let out and that Bailey was to the side, climbed into the delivery truck and commenced backing before the winch-truck had moved and without any signal being given him *577 to commence backing nor warning by him that he was going to back up. He did not stop backing until he had rammed into the winch-truck thereby pinning Bailey, who had stepped between the trucks, against the left back side of the winch-truck causing internal injuries and hemorrhage which resulted in his death.
Plaintiff alleges that the sole proximate cause was the negligence of Fontenot in backing his truck into the winch-truck, and without waiting until it had been moved, and in failing to observe that it had not not moved. They allege that there was no contributory negligence because Bailey was justified in assuming that Fontenot would act in accordance with the agreement and wait until the winch-truck had moved to its planned position.
Defendant alleges that Fontenot was not negligent in so backing his truck, and alternatively that if he owed a duty to anticipate Bailey’s presence, then in such case reasonable care was employed, and further in the alternative that Bailey was contrib-utorily negligent in placing himself behind the truck, or that he assumed the risk, and finally that Bailey should have discovered his peril and removed himself from the danger area. Therefore, they maintain the judgment of the trial court reflecting the verdict of the jury is contrary to the law and facts and pray reversal thereof.
Defendant, in support of its position, cited several cases which enunciate certain general principals of law. Palsgraf v. Long Island R. R., 1928, 248 N.Y. 339, 162 N.E. 99, 59 A.L.R. 1253, and Campbell v. All State Insurance Company, La.App.1959, 112 So.2d 143, were cited as authority for the proposition that the risk to the plaintiff must be foreseeable and that only such dangers as are known or reasonably to be apprehended need be provided for. See Roca v. Prats, La.App.1955, 80 So.2d 176, and Conrad v. Bertucci, La.App.1935, 158 So. 596. However, the peculiar factual situation here harmonizes these general principals with the specific circumstances of this case in favor of the plaintiff. The case of Cotten v. Butler, La.App.1949, 39 So.2d 914, is cited as being a similar factual situation. In that case defendant had last seen plaintiff in a position of safety before backing and therefore had a right to assume that plaintiff would remain there. Although under normal circumstances this would be true yet in this case Bailey also had a corresponding right to assume that Fontenot would not back until the winch-truck had been moved or until he had been signaled to back. The pattern in the previous attempts was that the procedure would be agreed upon, then the drivers would return to their trucks and await signals. In this last attempt Fontenot was, besides awaiting a signal, supposed to wait until the winch-truck had moved. Fontenot knew that the winch-truck had not moved, but he, nevertheless, did not wait to be motioned back. Therefore the ordinary rule does not apply here. Bailey was justified in relying on an apparent belief that Fontenot would wait for the winch-truck to move and/or await a signal from him. Bush v. Williams, La.App.1954, 74 So.2d 335, and Hazelton v. Watson, La.App.1959, 116 So.2d 733, are two cases which discuss the proposition that although the defendant may have last seen plaintiff in a place of safety, nevertheless, under certain circumstances it may be reasonably determined that such plaintiff was not contributorily negligent in being in that position. ’
Testimony of the other drivers is to the effect that they knew of no reason why anyone would have to be in between the trucks. However, Bailey apparently thought there was a reason. Assuming him to be of normal intelligence the obvious conclusion is that he apparently believed something needed to be done in the rear of the trucks, and relying on the agreement, in that Fontenot would await the winch-truck’s removal or a signal, he was justified in going between the two trucks and therefore, was not contributorily negligent nor did he assume the risk of Fontenot’s hasty *578 actions. Had Fontenot followed the agreement, rather than act impulsively, Bailey would have completed whatever he was doing in safety and removed himself from that position and signaled Fontenot that all was in order and that the truck had moved.
The case of Veal v. Employers Liability Assurance Corporation, La.App.1958, 108 So.2d 242, is cited by defendant to support the proposition that when plaintiff has placed himself in a position of danger and fails to care for his safety then he is con-tributorily negligent. However, in that case where a licensee in a service station which he was familiar with was injured, it was held that one who knows, or in the exercise of ordinary care should have known and appreciated the existence of danger from which injury might reasonably be anticipated must exercise ordinary care to avoid such injury. (Emphasis supplied). Nevertheless, in the case at bar, Bailey had no reason to believe that he was in a position of danger. The winch cable was not taut, but was being uncoiled, and Fontenot was not going to commence backing until after the winch-truck had moved or he had been signaled to back. There is no inherent danger under these circumstances in standing behind a stationary vehicle.
Defendant cites Dallas v. Crescent Forwarding & Transp. Co., La.App.1943, 13 So.2d 113, as authority for the proposition that plaintiff assumed the risk. We find that rule inapplicable since there was no risk at the time except that created by Fontenot’s hasty and injudicious action.
Defendant also cites authorities (Wells v. Meshell, La.App.1959, 115 So.2d 648; Newton v. Pacillo, La.App.1959, 111 So.2d 895; Tauzier v. Bondio, 1959, 237 La. 516, 111 So.2d 756) to the effect that plaintiff had the last clear chance. They rely on the theory that plaintiff should have seen Fontenot backing up. Had Bailey seen Fontenot backing he certainly would not have expected him to back until he had rammed the winch-truck. Nevertheless, the main tenets of this doctrine have not been met. Fontenot could have avoided the peril by stopping and/or proceeding according to plan; Fontenot was not in peril; and finally in view of the agreement (awaiting truck’s removal and the signal) Bailey was acting with reasonable care.
Where between the parties there is an agreement or a usual manner in which to do something, all parties have a right to rely and act upon the assumption that the other parties will act and conduct themselves in accordance therewith.
Counsel have argued this case in the true tradition of advocacy. They have left no stone unturned in seeking to impress this court with their respective theories. Learned counsel for the defense has ably propounded general principles of tort law and attempted to show how this case was analagous to the various cases cited. However, each case must be decided on its own peculiar facts and circumstances. Considering the record as a whole and in accordance with our views set forth herein-above, we find that Fontenot’s hasty actions were the sole proximate cause of the accident and that deceased was free of such fault as would relieve defendant of liability.
Although under our system of law the appellate courts review both law and facts and they may reverse decisions of juries as to facts, in a proper case and on a showing that their decision was contrary to the evidence, we, nevertheless, find that the jury properly assessed the facts and reasonably interpreted the evidence in favor of the plaintiff. Therefore, the judgment will not be disturbed.
For the foregoing assigned reasons the judgment of the lower court is affirmed. Costs of this appeal to be paid by defendant-appellant.
Affirmed.